RICHARD CAMP, JR., ET AL. *v.* BRENDA BOOTH ET AL.

ALCORN, C. J., HOUSE, COTTER, THIM and SHAPIRO, Js.

Argued June 4—decided July 14, 1970

*Roger F. Gleason,* for the appellant (named defendant).

*Paul J. McQuillan,* for the appellees (plaintiffs).

COTTER, J. The plaintiffs, Richard Camp, Jr., and his father, Richard Camp, instituted this action against the defendants to recover damages for injuries allegedly caused by their negligence. The jury returned a verdict in favor of both plaintiffs against the defendant Booth, who then filed a motion to set aside the verdict because it was, inter alia, excessive. After the denial of her motion, she appealed and has assigned as error the denial of her motion to set aside the verdict as to Richard Camp, Jr., on the ground that the damages are excessive.

In reviewing the refusal to set aside a verdict such as the one in this case, we test the action of the trial court by the evidence contained in the appendices to the briefs. *State* v. *Cobb,* 159 Conn. 31, 32, 266 A.2d 393. The evidence must be given the most favorable construction to which it is reasonably entitled in support of the verdict. *Hanauer* v. *Coscia,* 157 Conn. 49, 53, 244 A.2d 611. The jury could have found the following: On July 31, 1965, Richard Camp, Jr., one year old, was suffering from an illness diagnosed as herpetic tonsillopharyngitis and was admitted to the pediatric department of the New Britain General Hospital for treatment. On

August 2, 1965, the defendant Booth, who was a nurse in that department, had just given the child medication when the youngster stood up and leaned on the side rail of the crib and the rail fell to the floor. He landed on the nurse's feet, bounced off, hit his head on the floor and sustained a fracture of the skull. There was no loss of consciousness or vomiting, but there was a raised area on the back of his head. The skull fracture was described as a left postparietal fracture. For some time immediately following the accident Richard was irritable, and for the next three months he refused to be lifted by anyone except his mother, and even then he would go rigid as if afraid of being picked up. The bruise resulting from such a fall would be sore and painful for a week to ten days. The fracture did not cause any depression of the skull, and there was, in reasonable probability, no appreciable damage of a permanent nature. The jury returned a verdict for the child in the sum of $5000.

The question before the court is "whether the award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption." *McKirdy* v. *Cascio,* 142 Conn. 80, 86, 111 A.2d 555; see also *Akers* v. *Singer,* 158 Conn. 29, 35, 255 A.2d 858, and cases cited therein. The refusal of the trial court to disturb the jury's determination adds support to the propriety of the verdict. *Sheiman* v. *Sheiman,* 143 Conn. 222, 224, 121 A.2d 285. It must be borne in mind that the weight to be accorded to testimony is a matter for the jury, and the assessment of damages is peculiarly within their province. *Douglass* v. *95 Pearl Street Corporation,* 157 Conn.

73, 81, 245 A.2d 129. The right to a jury trial is fundamental in our judicial system, and this court has said that the right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of trial by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded men passed upon by the jury and not by the court. *Schlag* v. *Paffney,* 103 Conn. 683, 685, 131 A. 420; see *Bailey* v. *Central Vt. Ry., Inc.,* 319 U.S. 350, 353, 63 S. Ct. 1062, 87 L. Ed. 1444; 47 Am. Jur. 2d, Jury, § 12. The action of the trial court is not to be disturbed unless it abused its legal discretion, and "[i]n determining this the unquestioned rule is that 'great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness.' *Dudas* v. *Ward Baking Co.,* 104 Conn. 516, 518, 133 A. 591; *Roma* v. *Thames River Specialties Co.,* 90 Conn. 18, 20, 96 A. 196." *Ardoline* v. *Keegan,* 140 Conn. 552, 555, 102 A.2d 352. Damages of this nature cannot be computed mathematically so as to say that the verdict, even though generous, was plainly excessive and that some other, lesser, amount should be awarded as a matter of law. *Sette* v. *Dakis,* 133 Conn. 55, 61, 48 A.2d 271; 22 Am. Jur. 2d, Damages, § 366.

In this case the jury could reasonably have concluded that Richard suffered considerable pain as a result of his fall and that there was a serious emotional trauma, as evidenced by his unusual behavior when picked up. He was legally entitled to recover for these elements of damage. *Orlo* v. *Connecticut Co.,* 128 Conn. 231, 234, 239, 21 A.2d 402; *Block* v. *Pascucci,* 111 Conn. 58, 61, 149 A. 210. Although the verdict may appear to be liberal and although

14

a different jury might have assessed damages at a lower figure, we cannot say as a matter of law that the verdict shows on its face partiality or prejudice or corruption on the part of the jury. The defendant Booth has failed to point to anything indicating such a situation. Since no exception was taken to the court's charge, we must assume that the charge was correct and that the jury properly followed it. *Intelisano* v. *Greenwell,* 155 Conn. 436, 447, 232 A.2d 490.

There is no error.

In this opinion the other judges concurred.