ANTHONY AGUIRE, JR. *v.* LORRAINE R. AGUIRE

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, JS.

Argued March 10—decision released July 27, 1976

*David S. Maclay*, with whom, on the brief, was *Donald W. Bicknell*, for the appellant (plaintiff).

*Richard Fuchs*, with whom, on the brief, was *Frank J. Hennessy*, for the appellee (defendant).

PER CURIAM. This appeal arises from an action brought by the plaintiff, Anthony Aguire, Jr., for the dissolution of his marriage to the defendant, Lorraine R. Aguire, on the ground that it had

broken down irretrievably. In her cross complaint, the defendant also requested that the marriage be dissolved on that ground and claimed alimony, counsel fees, and such further relief as the court deemed proper. By judgment rendered October 23, 1974, the marriage was dissolved and the plaintiff was ordered to convey to the defendant his one-half interest in the marital domicil, to assign to the defendant a loan representing a debt owed the plaintiff, and to pay periodic alimony to the defendant in the amount of $20 per week. The plaintiff appealed to this court from that judgment, and the issue on appeal is whether the trial court erred in awarding periodic alimony to the defendant.

The award of alimony by the court was made pursuant to General Statutes § 46-52, which provides, in part, that "[i]n determining whether alimony shall be awarded, and the duration and amount of the award, the court . . . shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46-51."

The well established judicial standards of review of awards of alimony which were developed under General Statutes § 46-21 apply to review of those awards made under § 46-52. See *Chambliss* v. *Chambliss,* 171 Conn. 278, 279, 370 A.2d 924; *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 584, 362 A.2d 835. "[T]rial courts have a distinct advantage over an appellate court in dealing with domestic relations, where all of the sur-

rounding circumstances and the appearance and attitude of the parties are so significant." *LaBella* v. *LaBella,* 134 Conn. 312, 318, 57 A.2d 627. The trial court, therefore, has broad discretion in determining the type, duration, and amount of alimony which is proper in each case. *Krieble* v. *Krieble,* 168 Conn. 7, 357 A.2d 475; *Baker* v. *Baker,* 166 Conn. 476, 488, 352 A.2d 277. As we stated in *DiPalma* v. *Wiesen,* 163 Conn. 293, 298, 303 A.2d 709, cited in *Pasquariello* v. *Pasquariello,* supra: " 'The action of the trial court is not to be disturbed unless it abused its legal discretion, and "[i]n determining this the unquestioned rule is that 'great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness.' *Dudas* v. *Ward Baking Co.,* 104 Conn. 516, 518, 133 A. 591 . . . ." *Ardoline* v. *Keegan,* 140 Conn. 552, 555, 102 A.2d 352.' *Camp* v. *Booth,* 160 Conn. 10, 13, 273 A.2d 714. In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did. *E. M. Loew's Enterprises, Inc.* v. *Surabian,* 146 Conn. 608, 611, 153 A.2d 463."

The plaintiff attaches great significance to the fact that the marital relationship was of only six months duration, and cites several decisions of the courts of other jurisdictions for our examination. We have considered those cases and we conclude that each domestic relations case must be decided on the basis of the facts unique to it and that great weight must be given to the decisions of the trier. See *Laird* v. *Laird,* 203 Cal. App. 2d 806, 21 Cal. Rptr. 924; *Howard* v. *Howard,* 314 Ky. 685, 236 S.W.2d 932; *Thompson* v. *Thompson,* 222 Ore. 505, 353 P.2d 241; *Frank* v. *Frank,* 18 Utah 2d 228, 419

P.2d 199. The trial court is guided in the exercise of its discretion by the listing in § 46-52 of the factors to be considered in awarding alimony, and the finding indicates that duration was duly considered by the court. The duration of a marriage is but one factor, and to hold that it is determinative would attach to that single factor a significance not intended by the legislature. To hold that the court's award of alimony constituted an abuse of discretion because the marriage was of only six months duration would substitute our judgment of the weight to be given that factor for that of the trial court.

The finding reveals that the trial court acted under the authority of and in compliance with the provisions of General Statutes § 46-52 and, in making its award of alimony, considered the factors enumerated therein. There is no indication that the trial court abused its broad discretion in awarding alimony to the defendant in the amount of $20 per week.

Although the plaintiff has assigned error in many of the trial court's findings of fact and in several of its conclusions, few corrections are warranted and those corrections do not alter our holding that the trial court did not abuse its discretion.

There is no error.