172 Conn. 202 (1977)
EDWIN W. DECOSSY
v.
DOROTHY ANNE DECOSSY
Supreme Court of Connecticut.
Argued November 5, 1976.
Decision released January 4, 1977.
HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.
*203 Robert B. Snow, Jr., for the appellant (plaintiff).
Max H. Schwartz, for the appellee (defendant).
LONGO, J.
The plaintiff, Edwin deCossy, filed this divorce action against the defendant, Dorothy deCossy, on November 9, 1972, alleging that the defendant had been guilty of intolerable cruelty toward the plaintiff. The defendant filed a crosscomplaint alleging that the plaintiff was guilty of intolerable cruelty and that he had deserted her. The marriage was dissolved on October 10, 1973, on the basis of the plaintiff's wilful desertion of the defendant wife. No orders regarding alimony, child support or counsel fees were entered at that time so that the parties might be given an opportunity to reach an agreement. On April 26, 1974, when negotiations failed, the Hon. Elmer W. Ryan, state trial referee, sitting as the court, after a hearing, entered orders requiring the plaintiff to pay $15,000 per year alimony, to pay $5000 per year child support for each of his three children, to provide medical insurance for the children, to provide term life insurance on his own life for the benefit of each minor child in the amount of $25,000 and insurance on his life in the amount of $50,000 payable to the defendant until she dies or remarries, and to assume *204 liability for and pay all obligations arising from the construction of the residence to be occupied by the defendant and their children except that so long as the plaintiff pays the alimony and child support the defendant is to be responsible for paying the installments on the first mortgage. The plaintiff was further ordered to pay $5000 in counsel fees. The plaintiff has appealed from the judgment, asking this court to find that the trial court abused its discretion in issuing the above orders. We find that the court acted within its discretion.
As we stated in LaBella v. LaBella, 134 Conn. 312, 318, 57 A.2d 627, cited in Aguire v. Aguire, 171 Conn. 312, 313, 370 A.2d 948, "trial courts have a distinct advantage over an appellate court in dealing with domestic relations, where all of the surrounding circumstances and the appearance and attitude of the parties are so significant." We confirmed in Aguire v. Aguire, supra, 314: "The trial court, therefore, has broad discretion in determining the type, duration, and amount of alimony which is proper in each case. Krieble v. Krieble, 168 Conn. 7, 357 A.2d 475; Baker v. Baker, 166 Conn. 476, 488, 352 A.2d 277. As we stated in DiPalma v. Wiesen, 163 Conn. 293, 298, 303 A.2d 709, cited in Pasquariello v. Pasquariello, ... [168 Conn. 579, 584, 362 A.2d 835]: `"`The action of the trial court is not to be disturbed unless it abused its legal discretion, and "[i]n determining this the unquestioned rule is that `great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness.' Dudas v. Ward Baking Co., 104 Conn. 516, 518, 133 A. 591...." Ardoline v. Keegan, 140 Conn. 552, 555, 102 A.2d 352.' Camp v. Booth, 160 Conn. 10, 13, 273 A.2d 714. In determining *205 whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did. E. M. Loew's Enterprises, Inc. v. Surabian, 146 Conn. 608, 611, 153 A.2d 463."'" The scope of our review is, therefore, extremely limited. The record reveals that the defendant was unemployed at the time of the award. She had previously been a teacher, but had not practiced her profession for many years. Though she planned to return to teaching, her earning potential, which was one of the important factors to be considered in awarding alimony under the provisions of General Statutes § 46-52,[1] was significantly lower than that of the plaintiff. The court was required to consider the husband's income and his earning capacity. General Statutes § 46-52; Stoner v. Stoner, 163 Conn. 345, 307 A.2d 146; Shrager v. Shrager, 144 Conn. 483, 486, 134 A.2d 69; Felton v. Felton, 123 Conn. 564, 567, 196 A. 791. The trial court found that in 1973 the plaintiff had an income of $84,000 from his architectural partnership. Further, his firm, in which he was entitled to receive 60 percent of the profits, had contracted for architectural work within the next three years with a construction cost exceeding thirty-six million dollars. Though the award to the defendant and the children was substantial, and though the plaintiff *206 does appear to suffer from considerable indebtedness, in the light of his sizeable income and earning capacity we cannot find that the award was so disproportionate as to allow this court to determine that the trial court could not reasonably conclude that it was proper.
The plaintiff specifically assigns as error the order of the court requiring the plaintiff to pay $5000 in counsel fees. The plaintiff claims that the amount of the fees is not supported by any specific finding. Under the law of this state, the power to allow counsel fees in divorce actions is granted to the court by General Statutes § 46-59,[2] which states that the considerations in determining the amount of the grant shall be similar to those invoked in setting the amount of alimony under General Statutes § 46-52. Since adequate findings were made to determine the financial capabilities of both parties and to set the amounts of alimony and child support, no specific finding was necessary to justify a determination by the court that the plaintiff should pay $5000 for the defendant's counsel fees. The amount of the award was not so large as to constitute an abuse of the court's discretion. Stoner v. Stoner, supra, 356; see Marino v. Marino, 136 Conn. 617, 73 A.2d 339, and Steinmann v. Steinmann, 121 Conn. 498, 505, 186 A. 501.
There is no error.
In this opinion the other judges concurred.
NOTES
[1] "[General Statutes] Sec. 46-52. ALIMONY.... In determining whether alimony shall be awarded, and the duration and amount of the award, the court, after hearing the witnesses, if any, of each party, except as provided in subsection (a) of section 46-48, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46-51 and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent securing employment."
[2] "[General Statutes] Sec. 46-59. ORDERS RE PAYMENT OF ATTORNEY'S FEES IN CERTAIN ACTIONS. In any proceeding seeking relief under the provisions of this chapter and sections 17-323a, 17-323b, 17-351, 45-162, 46-5h, 47-14g, 51-182c, 51-182j, 52-362 and 54-27, the court may order either spouse to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46-52...."