JOHN FIGLAR *v.* MARION W. FIGLAR

MARION W. FIGLAR *v.* JOHN FIGLAR

HOUSE, C. J., COTTER, LOISELLE, BOGDANSKI and SPEZIALE, Js.

Argued October 18, 1977—decision released January 3, 1978

---

[4] General Statutes §§ 19-524a–19-524nn.
[5] See General Statutes § 19-524n.

*Anthony P. Copertino, Jr.,* for the appellant (plaintiff in the first case and defendant in the second case).

*Alfred R. Belinkie,* for the appellee (defendant in the first case and plaintiff in the second case).

PER CURIAM.   These appeals arose from cross-actions in which each party first sought a divorce on the grounds of intolerable cruelty and subsequently amended the complaint to seek dissolution of the marriage on the ground that it had broken down irretrievably.   A trial referee, sitting as a court, heard the cases simultaneously and concluded that the marriage had broken down irretrievably and that the husband (to whom we will refer as the defendant) was guilty of acts of intolerable cruelty which were the principal cause of the breakdown of the marriage.   The court's decree awarded to the wife (to whom we will refer as the plaintiff) custody of the minor child of the parties, $35 per week for the support of the child, $75 per week as alimony, the defendant's interest in what had been their home property (subject to a $10,000 equitable lien in favor of the defendant due and payable in five years, without interest), and an allowance toward counsel fees in addition to specified items of personalty.

On his appeals, the defendant has made a wholesale attack on the finding of the court.   While conceding that "the trier of the facts has wide latitude in its interpretation of the evidence and the conclusions to be drawn therefrom," the defendant claims that in this case the court acted arbitrarily and abused its discretion as the trier of the facts in accepting the testimony of the plaintiff over the

contrary testimony of the defendant which, the defendant contends, was better corroborated and should have been believed by the court.

The defendant's attack is in vain. We have many times repeated what we said in *LaBella* v. *LaBella,* 134 Conn. 312, 318, 57 A.2d 627: "An abuse of judicial discretion will be reviewed on appeal in this as in other cases, but trial courts have a distinct advantage over an appellate court in dealing with domestic relations, where all of the surrounding circumstances and the appearance and attitude of the parties are so significant." See *Spicer* v. *Spicer,* 173 Conn. 161, 164, 377 A.2d 259; *deCossy* v. *deCossy,* 172 Conn. 202, 204, 374 A.2d 182; *Grinold* v. *Grinold,* 172 Conn. 192, 194, 374 A.2d 172; *Aguire* v. *Aguire,* 171 Conn. 312, 313, 370 A.2d 948.

There was ample evidence to support the court's findings which in turn support its conclusions. It is clear that the court fully considered the criteria codified in §§ 46-51 and 46-52 of the General Statutes, and it could reasonably have concluded as it did.

There is no error.