### JERRY LEE ROSIGNOL v. KLAUS HIRNSCHAL (11016)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

Argued March 30—decision released August 9, 1983

*Ronald E. Cassidento,* for the appellant (named defendant).

*John P. Sponheimer,* with whom, on the brief, was *Gary A. Hale,* for the appellee (plaintiff).

SPEZIALE, C. J. The plaintiff, Jerry Lee Rosignol, instituted this action against the defendant, Klaus Hirnschal, a Hartford police officer, for carelessness, recklessness, and negligence. The defendant then brought an action for indemnification against the city of Hartford as third party defendant pursuant to General Statutes § 7-465.[1] The trial court rendered judgment for the third party defendant city of Hartford and for the plaintiff against the defendant Hirnschal, awarding the plaintiff $4800 as damages for his physical pain and mental anguish. The defendant Hirnschal appealed, claiming that the trial court's award of damages was excessive in view of the evidence presented at trial. We find no error.

The following facts are undisputed: In the early morning hours of August 27, 1972, the plaintiff, who was suspected of having committed a crime, was pursued

---

[1] General Statutes § 7-465 provides in part: "Sec. 7-465. ASSUMPTION OF LIABILITY FOR DAMAGE CAUSED BY EMPLOYEES. JOINT LIABILITY OF MUNICIPALITIES IN DISTRICT DEPARTMENT OF HEALTH OR REGIONAL PLANNING AGENCY. (a) Any town, city or borough . . . shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property, except as hereinafter set forth, if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty."

by several police cars from Hartford to Newington, where he crashed into a large pile of dirt. As a result of the impact from the crash, the plaintiff struck his chest sharply on the steering wheel of the car he was operating. The plaintiff staggered out of the car and ran along the side of a house, where he was tackled and then arrested by a Hartford police officer. The plaintiff was handcuffed by that police officer with the assistance of an off-duty West Hartford police officer, and was then placed face down on the ground with his hands handcuffed behind his back. The defendant, Officer Klaus Hirnschal, who had been involved in the pursuit, arrived on the scene while the first officer was radioing his headquarters. The defendant ran over to the plaintiff, who was still lying face down on the ground with his hands handcuffed behind his back, and kicked him in the small of the back. Despite the objection of the off-duty West Hartford officer who had been watching over the plaintiff, the defendant walked around to the other side of the plaintiff and kicked him again, this time in the chest. Both kicks were delivered with considerable force.

The trial court's memorandum of decision states that "[t]he pain [the plaintiff] suffered from the [defendant's] kicks compounded the pain he felt from the injury he received when he struck the steering wheel." In addition, the trial court noted that the plaintiff had been grossly humiliated and was fearful of further harm after being kicked while in such a helpless condition. In view of the above, the trial court awarded the plaintiff damages in the amount of $4800 in addition to costs.

The defendant's claim that the trial court's award of $4800 to the plaintiff was excessive is without merit. "The award of damages for pain and suffering is peculiarly within the province of the trier, and will be sustained, even though generous, if it does not shock the

sense of justice." *Manning* v. *Michael,* 188 Conn. 607, 616, 452 A.2d 1157 (1982); *Camp* v. *Booth,* 160 Conn. 10, 12–13, 273 A.2d 714 (1970). "The test is whether the amount of damages awarded falls within the necessarily uncertain limits of fair and just damages." *Herb* v. *Kerr,* 190 Conn. 136, 139, 459 A.2d 521 (1983); *Manning* v. *Michael,* supra. " 'On appeal, the conclusion of the trial court from the vantage point of the trial bench cannot be disturbed unless the court abused its discretion. . . .' *Katsetos* v. *Nolan,* 170 Conn. 637, 656, 368 A.2d 172 [1976]." (Citations omitted.) *Nichols* v. *Coppola Motors, Inc.,* 178 Conn. 335, 349, 422 A.2d 260 (1979).

Viewed within these guidelines, the award cannot be construed as excessive. The trial court found that the plaintiff had been kicked twice by the defendant while lying face down on the ground, in the dark, with his hands handcuffed behind him. The pain suffered from the kicks exacerbated the pain which the plaintiff felt from the injury received when he struck the steering wheel. It was not unreasonable for the trial court to conclude that fear and humiliation would also be experienced by one who was in such an utterly helpless condition after being tackled to the ground. The likelihood that fear was engendered in the plaintiff is supported by the facts that the defendant repeated the kick and that the off-duty police officer who had been standing watch over the plaintiff himself perceived the danger to the plaintiff, as evidenced by his warning to the defendant after the second kick.[2]

The defendant also contends that there was no proof that the defendant's kicks were the cause of any of the injuries for which the plaintiff was hospitalized. The

---

[2] At trial, in response to questioning by the plaintiff's counsel, the witness stated: "Well, I told him he was wrong, he shouldn't have done it, he could have gotten arrested, he could have killed the boy . . . ."

defendant cites no precedent, because he cannot, for his meritless position that a plaintiff's physical pain and suffering must require hospitalization before it is compensable.

There is no error.

In this opinion the other judges concurred.