ARAXIE MARKARIAN *v.* HERACHE MARKARIAN
(2348)

DANNEHY, C.P.J., TESTO and DUPONT, Js.

Argued March 6—decision released May 22, 1984

*Joseph A. O'Brien,* for the appellant (plaintiff).

*Gerald A. Roisman,* for the appellee (defendant).

PER CURIAM. The plaintiff appealed[1] from the judgment in an action for dissolution of a marriage. No objections are made to the dissolution of the marriage or to the disposition concerning the parties' property. Specifically, the plaintiff claims that the award of periodic alimony is inadequate both in amount and duration.

The plaintiff and the defendant were married in 1947. Dissolution proceedings were instituted in 1981 and, in 1982, the matter was heard by a state referee. After finding that the marriage between the parties had broken down and allocating their property, the referee ordered the defendant to pay $200 a week in alimony to the plaintiff for a period of two years, nonmodifiable for any reason.

At the time of trial, the plaintiff was fifty-seven years old and the defendant was fifty-eight. The parties had two adult children. During most of the marriage the plaintiff was a homemaker. From 1968 to 1972 she worked part time in a school cafeteria. She had no special skill, training or education, and is presently unemployed. She recently underwent surgery. In 1971, the defendant organized and incorporated World of Nutrition, Inc., and was its only shareholder. The plaintiff played an active role in the success of this business until she was discharged by the defendant in 1981. The plaintiff presented expert testimony that the corporation has a fair market value between $240,000 and $300,000. The defendant offered no evidence with respect to the fair market value of the corporation. The plaintiff was awarded no interest in the corporation. The defendant continues to be employed by World of Nutrition, Inc., at a weekly salary of $656.49. In addition to his salary, the defendant has $37,868.44 invested in the corporation's profit-sharing fund. He also has savings bonds, money market certificates and life insurance,

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

the total value of which he estimated to be $4275. During 1980, the defendant invested $25,000, in a racing dog syndicate from which he realized income of $2000 in 1982. There is indication that he will derive additional income from this investment in the future.

Rehabilitative or time limited alimony is not new to Connecticut law. *McCann* v. *McCann,* 191 Conn. 447, 464 A.2d 825 (1983); *Weiman* v. *Weiman,* 188 Conn. 232, 449 A.2d 151 (1982); *Scoville* v. *Scoville,* 179 Conn. 277, 426 A.2d 271 (1979). Underlying the concept of time limited alimony is the sound policy that such awards may provide an incentive for the spouse receiving support to use diligence in procuring training or skills necessary to attain self-sufficiency. Although each case must be decided on its own facts, the relevant factors for determining whether to award time limited or permanent alimony are listed in General Statutes § 46b-82.

In order for this court to carry out its review of a trial court's decision in a case of this nature, there must be some indication in the record as to the basis of that decision. At a minimum, the record should indicate that the trial court considered relevant statutory factors in making an alimony award containing an automatic termination date. Here, in a situation where the length of the marriage, the cause for the dissolution of the marriage, the plaintiff's lack of vocational skills or training, age and poor health would appear to militate against time limited alimony, the trial court never explained the basis for its decision. Instead, the record before us merely consists of the general findings in the memorandum of decision which awarded alimony.

We are unable to assess the validity of the trial court's decision on such a scanty record. Therefore, we find it necessary to remand the case to give the trial court

the opportunity to indicate on the record the rationale underlying the exercise of discretion which it undertook.[2] Only then will this court be in a position to determine whether the plaintiff has demonstrated that the court abused its discretion in failing to award the plaintiff permanent periodic alimony. *Kaplan* v. *Kaplan*, 185 Conn. 42, 440 A.2d 252 (1981).

The case is remanded to the trial court with direction to file a memorandum of decision articulating the basis upon which it awarded the plaintiff alimony limited in duration to two years.

---

[2] Our decision neither holds nor intimates that the trial court must make specific, detailed findings on each factor it considers pursuant to § 46b-82 or otherwise. We do, however, require that the record contain some indication as to the reasoning of the trial court in making an exercise of its discretionary powers in this type of proceeding.