## MICHELE L. LOUNEY v. JAMES C. LOUNEY
### (5691)

DALY, NORCOTT and FOTI, Js.

Submitted on briefs November 20, 1987—decision released January 19, 1988

*Reuben S. Midler* filed a brief for the appellant (plaintiff).

*Michael E. Shay* filed a brief for the appellee (defendant).

FOTI, J. In this appeal from the judgment of the trial court dissolving the marriage of the parties, the plaintiff wife claims an abuse of discretion by a state trial referee acting as the trial court (1) in awarding periodic alimony that was limited in its duration, (2) in awarding only $1200 per month in periodic alimony, (3) in establishing a minimal level of expenses, at $1500 before the defendant would have to contribute to the upkeep of the marital residence, and (4) in its order concerning the joint bank accounts with the children. We find error in part.

The plaintiff and defendant were both forty-one years of age at the time of trial and had been married for twenty years. The parties had three children: Jennifer, nineteen, Kurt, seventeen, and Elizabeth, fourteen. The two younger children reside with the plaintiff. At the time of trial, the defendant, a vice-president of investments and assistant to the president of a Boston corporation, earned $72,500 annually. The plaintiff was a commissioned salesperson and earned approximately $13,000 annually, which she anticipated would increase to $17,000 annually. The plaintiff was compensated on a draw against commissions and did not receive any other benefits, but became eligible for insurance coverage a week or two after trial at a cost of $70 per month. Furthermore, her earnings did not permit her to contribute to an IRA which remained at $1300, the initial fund level. The principal asset of the parties was the residence where the plaintiff and minor children reside, valued at between $375,000 to $400,000.

The court's judgment required a division of the equity in the marital residence, granting 65 percent of the equity to the plaintiff and 35 percent to the defendant; the plaintiff was made responsible for all replacements and repairs on the house up to $1500 per year. Alimony and child support were ordered as part of the court's judgment, but the alimony was to terminate on December 1, 1993. The court also provided for the disposition of the personal property, health insurance, and life insurance, and indicated that the plaintiff was to remain as trustee of "trust funds" provided for the children's college education.

The "trust funds" alluded to by the court are monies deposited in revocable bank accounts by the defendant, who contributed between $28,000 and $34,000 for the children with the plaintiff listed as joint depositor. The accounts were originally established as a source of funds for the college education of the children with a separate account for each child. The court allowed the plaintiff to remain as trustee but established criteria upon which the funds could be withdrawn.

The plaintiff first claims the trial court erred in awarding periodic alimony that would terminate on December 1, 1993. The plaintiff agrees that this decision is within the discretion of the court; General Statutes § 46b-82;[1] but contends that the court abused its discretion in awarding time limited alimony in view of its findings of income disparity and future earning potential, and in failing fully to consider the purpose

---

[1] General Statutes § 46b-82 provides: "ALIMONY. At the time of entering the decree, the superior court may order either of the parties to pay alimony to the other, in addition to or in lieu of an award pursuant to section 46b-81. The order may direct that security be given therefor on such terms as the court may deem desirable, including an order to either party to contract with a third party for periodic payments or payments contingent on a life to the other party. In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall hear

of alimony and the length of the marriage. The plaintiff contends that a specific finding is necessary that the plaintiff will be able to support herself as is appropriate to her "station" on December 1, 1993. We do not agree.

While it is essential that the court consider the statutory criteria, it is not essential that it make express findings on each. *Weiman* v. *Weiman,* 188 Conn. 232, 234, 449 A.2d 151 (1982). A review of the memorandum of decision and the judgment clearly demonstrates that the court considered the required statutory criteria in arriving at its decision.

An appellate court's review of a trial court's exercise of its broad discretion in domestic relations cases is limited to whether that court correctly applied the law and whether it could reasonably have concluded as it did. *Leo* v. *Leo,* 197 Conn. 1, 4, 495 A.2d 704 (1985); *Holley* v. *Holley,* 194 Conn. 25, 29, 478 A.2d 1000 (1984). Conclusions we might reach, if we were sitting as the trial court, are irrelevant. *Gallo* v. *Gallo,* 184 Conn. 36, 44–45, 440 A.2d 782 (1981); *Koizim* v. *Koizim,* 181 Conn. 492, 498, 435 A.2d 1030 (1980).

"Underlying the concept of time limited alimony is the sound policy that such awards may provide an incentive for the spouse receiving support to use diligence in procuring training or skills necessary to attain self-sufficiency." *Markarian* v. *Markarian,* 2 Conn. App. 14, 16, 475 A.2d 337 (1984). We cannot conclude

---

the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for their annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment."

that the decision of the trial court awarding periodic alimony which was time limited was an abuse of discretion.

The plaintiff next attacks the amount of periodic alimony awarded by the court. The court has very broad discretion in determining the amount of alimony which is proper in such cases; *Aguire* v. *Aguire,* 171 Conn. 312, 314, 370 A.2d 948 (1976); and may exercise that discretion to determine what is fair and equitable under the circumstances. *Sweet* v. *Sweet,* 190 Conn. 657, 662, 462 A.2d 1031 (1983). The trial court sits in a clearly advantageous position to assess all of the circumstances before it, so it must be accorded broad discretion in awarding alimony. *Papageorge* v. *Papageorge,* 12 Conn. App. 596, 598, 553 A.2d 229 (1987). We find no abuse of discretion in the amount of alimony awarded.

The plaintiff's next claim is that the threshold figure established by the court between major and minor expenses which would trigger a proportional contribution by the parties is not supported by the facts. Though the factual basis for the court's decision is unclear, the plaintiff did not move for articulation. Since the plaintiff has failed to supply a record presenting the trial court's rationale, as is her burden, we decline to review the court's setting of that amount. *Holmes* v. *Holmes,* 2 Conn. App. 380, 383-84, 478 A.2d 1046 (1984).

Finally, the plaintiff claims that the court erred in limiting the use of funds held in joint accounts for the children's education. It was not disputed that these accounts, which were funded by the defendant and held jointly by each of the children with their mother, were originally intended for the expenses associated with the children's education. The plaintiff contends, however, that these funds were part of the marital property and, thus, could not be limited to a particular purpose. To the contrary, this portion of the court's order can rea-

sonably be understood as providing for the support and maintenance of the children; it is well settled that the court has broad discretion in this regard. *Valante* v. *Valante,* 180 Conn. 528, 532, 429 A.2d 964 (1980). The limitation placed on these funds, therefore, did not exceed this discretion.

The plaintiff also claims that even if the court had the discretion to limit the use of the accounts held jointly with the minor children, it lacks the authority to place similar limitations on the account held jointly with Jennifer, who was nineteen at the time of the dissolution. We agree.

The court's order which, in effect, requires the plaintiff to use the proceeds of the account for the educational needs of a child beyond the age of majority, extends beyond the court's authority to provide support and maintenance; *Valante* v. *Valante,* supra; and cannot be authorized as a distribution of marital property. General Statutes § 46b-81.[2]

---

[2] General Statutes § 46b-81 provides: "ASSIGNMENT OF PROPERTY AND TRANSFER OF TITLE. (a) At the time of entering a decree annulling or dissolving a marriage or for legal separation pursuant to a complaint under section 46b-45, the superior court may assign to either the husband or wife all or any part of the estate of the other. The court may pass title to real property to either party or to a third person or may order the sale of such real property, without any act by either the husband or the wife, when in the judgment of the court it is the proper mode to carry the decree into effect.

"(b) A conveyance made pursuant to the decree shall vest title in the purchaser, and shall bind all persons entitled to life estates and remainder interests in the same manner as a sale ordered by the court pursuant to the provisions of section 52-500. When the decree is recorded on the land records in the town where the real property is situated, it shall effect the transfer of the title of such real property as if it were a deed of the party or parties.

"(c) In fixing the nature and value of the property, if any, to be assigned, the court, after hearing the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of

There is error, the judgment is set aside as to the award of the plaintiff's bank account owned jointly with her daughter, Jennifer, and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.

income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."