[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT AND FORADDITUR
The instant action is one to recover damages for personal injuries and loss of consortium having their origin in a motor vehicle accident. The collision was of the rear end variety. As to the claim for compensatory damages the case was tried as a hearing in damages. In addition to compensatory damages the plaintiffs sought double or treble damages under § 14-295 C.G.S. as to which claim the defendants denied they were liable.
The plaintiff Dolores Randall alleged she sustained injuries which were essentially of the soft tissue variety. The nature, extent and implications of the injuries presented factual issues keyed in large measure to the acceptance or rejection of her testimony and the applicable medical testimony. The rejection of this plaintiff's claim in the main was a respectable option particularly in view of very serious credibility issues, the impact of a prior neck problem and conflict in the medical testimony.
The claim of Harris Randall, husband of the plaintiff Dolores Randall for loss of consortium was unimpressive. There was no convincing evidence of any impact on the marital relationship as is reflected by the Jury's verdict. Mr. Randall may have been entitled to nominal damages by reason of a technical legal wrong by reason of the entry of a summary judgment in his favor.
The entitlement to nominal damages in reality means no damages. Nominal damages exist in name only and not in amount.CEVI v. CSEA, 183 Conn. 235, 252; Neustadt v. Pearce, 145 Conn. 401,403. The Supreme Court has held that it will not grant a reversal or a new trial for a mere failure to award nominal CT Page 8289 damages. Riccio v. Abate, 176 Conn. 415, 418, 419.
The attack by plaintiffs' counsel on the interrogatories is ill founded. The court solicited input from counsel concerning the interrogatories. Following their preparation they were submitted to counsel for review and approval. Counsel voiced no objection to the interrogatories and as a matter of fact articulated his approval.
Also with respect to the claim that the charge was "prejudicial" in certain respects no exception to the charge was taken in this regard.
The evidential ruling refusing to allow testimony of defendant Danby Service Stations, Inc.'s financial condition was correct under the circumstances involved herein. In any event the jury found plaintiffs were not entitled to double or treble damages. Thus the ruling in any event was harmless.
Allowing Rebuttal testimony is discretionary. Further the testimony sought to be elicited from the rebuttal witness who had testified earlier in the direct case was hearsay (as per offer of proof) and in any event not true rebuttal. DiMaio v. Panico,115 Conn. 295, 299.
As to the claim for an additur, the fundamental right to a jury trial in our judicial system includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair minded men, passed upon by the jury, and not the court. Camp v. Booth, 160 Conn. 10, 12, 13. This is a right guaranteed by the constitution. Wockek v. Foley,193 Conn. 582, 586. The weight to be accorded testimony is a matter for the jury and assessment of damages is peculiarly within their province. Camp v. Booth, supra.
Proper compensation for personal injuries cannot be computed by mathematical formula and the law furnishes no precise rule for their assessment. Wockek v. Foley, supra. 586.
The issue in the ultimate analysis is whether the verdict rendered in favor of Mrs. Randall falls somewhere within the necessarily uncertain limits of just damages or whether its size so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption. CT Page 8290
The verdict in the instant matter passes muster under this standard.
 "In passing upon a motion to set aside a verdict, the trial judge must do just what every juror ought to do in arriving at a verdict. The juror must use all his experience, his knowledge of human nature, his knowledge of human events, part and present, his knowledge of the motives which influence and control human action, and test the evidence in the case according to such knowledge and render his verdict accordingly. . . . The trial judge in considering the verdict must do the same . . . and if, in the exercise of all his knowledge from this source, he finds the verdict to be so clearly against the weight of the evidence in the case as to indicate that the jury did not correctly apply the law to the facts in evidence in the case or were governed by ignorance, prejudice, corruption or partiality, then it is his duty to set aside verdict and to grant a new trial."
Marin v. Silva, 156 Conn. 321, 326, 327; Sepe v. Deemy, 9 Conn. App. 524,531.
The verdict in question falls within the admittedly elastic limits of fair, just and reasonable compensation. There was no evidence the jury were improperly motivated.
Motion To Set Aside Verdict is denied.
Motion For Additur is denied.
John C. Flanagan State Trial Referee