[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 1, 1997
The plaintiff husband, 42, and the defendant wife, 38, married on December 19, 1993 in New Canaan, Connecticut. There are no minor children of the marriage. This action was commenced CT Page 3626 by writ and complaint dated November 14, 1995 and served on the defendant the following day. A prior action had been commenced by the plaintiff by writ and complaint dated January 6, 1995 served on the defendant on the same day and subsequently withdrawn the following October. A brief reconciliation was attempted.
The defendant vacated the marital home located at 23 France Street, Norwalk on or about July 15, 1996 pursuant to an order entered by agreement on April 15, 1996. The property had been purchased by the plaintiff in 1986.
The plaintiff conducts several businesses with his brother. The plaintiff is a real estate broker and appraiser. He has conducted three businesses for many years. He operates a retail store with his brother. They have invested in several rental properties. There is a bartering business.
The defendant lived with the plaintiff prior to the marriage. She maintained her own budget. She has operated a gift sales business known as Creative Concepts for several years. During and prior to the marriage she operated it from the marital home. The defendant has been employed. She has worked as a waitress. She was employed at GTE for many years.
The plaintiffs income exceeds one hundred thousand dollars as shown on his 1995 I.R.S. 1040 (Plaintiffs Exhibit #4). The defendant lists a gross weekly income of $220 and a net of $174 on her financial affidavit dated November 22, 1996. She also lists weekly expenses of $493. The court applies the rule ofWatson v. Watson, 20 Conn. App. 551 (1990), that actual figures were used and infers that her income covers her expenses. That is based on the evidence that she had $11,500 more in her checking account at the time of trial than she listed on her June 1996 affidavit (Plaintiff's Exhibit #3). Also, after adding back the $62,000 she assigned as the value of her "C. Other Personal Property" on her June 1996 affidavit whereas on the November 1996 affidavit she lists no value, that demonstrates that the $319 weekly shortfall is fiction. The court considers the defendant's November 1996 affidavit to be unreliable.
The marriage breakdown was swift in coming. The plaintiff dallied briefly with another woman during the summer of 1995. The defendant uncovered the relationship upon finding the plaintiff entertaining the woman in the marital home. The plaintiff began une affaire de coeur with one Denise Romano around December 1994 CT Page 3627 which has proven more lasting for that lady took up residence with the plaintiff in July 1996. The court concludes that the plaintiff's infidelity is the cause for the marriage breakdown.
In applying the elements enumerated in Sec. 46b-81 and Sec.46b-82 and in particular the causes of the breakdown the defendant cites Robinson v. Robinson, 187 Conn. 70 quoting at p. 72 ". . . alimony . . . or an assignment of property is not to be considered either as a reward for virtue or as a punishment for wrongdoing . . ." The court will give it due weight.
The defendant had health problems in 1995 and 1996. She related a history of kidney problems. She is presently covered for medical insurance by the defendant's business.
The plaintiff and the defendant lived together from 1986 until their marriage. The defendant seeks to have the court consider this ante nuptial time in applying the applicable law, citing Vine v. Vine, 7 CLT No. 47, decided September 29, 1981, New Haven J.D. (Ramsey, J.). That opinion dealt with a motion to strike the second count of the defendant's cross complaint, which alleges a "palimony" cause of action, wherein the defendant describes herself as the plaintiff's
 companion, lover, confidante, business associate, counselor and employee . . . that during this period she contributed substantially to the development and accumulation of plaintiff's assets and estate by reason of her efforts.
That trial court ruled that the allegations should be presented to the trial court and denied the plaintiffs motion to strike. This court declines to follow the decision. The defendant in the present case has not pleaded a second count sounding in "palimony." The statute is clear that the length of the marriage is to be considered. What claims may exist for the period 1986-1992 are therefore outside this case.
The defendant cites Burns v. Burns, 41 Conn. App. 716 (1996). That case concerned the breakdown of a twenty-seven year marriage. This court finds the facts of that case so unlike the present case as to be not helpful.
Aguire v. Aguire, 171 Conn. 312, cited by the defendant, concerned periodic alimony awarded after six months of marriage. The defendant has not requested periodic alimony in her claims CT Page 3628 for relief.
The court has considered the evidence and the credibility of the witnesses, all in light of the statutory criteria and applicable case law and enters the following decree.
1. A judgment is entered dissolving the parties' marriage on the ground alleged, all of the plaintiff's allegations being found proven. The defendant's cross complaint is dismissed.
2. The plaintiff shall pay the sum of $30,000 to the defendant on or before May 1, 1997 as her share of the marital assets, i.e. lump sum alimony.
3. The defendant shall retain the tangible personal property removed to Vanguard Moving Storage (Plaintiff's Exhibit #16) and she shall be solely responsible for all moving and storage charges. The defendant is also awarded the large screen T.V. set which was the subject of a pendente order entered July 11, 1996.
4. The plaintiff shall pay for the defendant's premium for her medical insurance COBRA fights available to her through the plaintiffs business policy for so long as she remains eligible for same.
5. The defendant is awarded $10,000 as an allowance to defray her litigation expenses, payable to the defendant by the plaintiff on May 1, 1997.
6. The parties shall otherwise retain their respective assets as now owned or possessed.
7. The parties shall be solely responsible for their respective liabilities as may now be owed.
8. The defendant may resume her birth name if she wishes and the judgment shall so reflect the restoration.
Counsel for the plaintiff is directed to draft the judgment file.
HARRIGAN, J. CT Page 3629