[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR ALIMONY PENDENTE LITE, # 101
The plaintiff in this dissolution action has moved for an order of alimony pendente lite. On July 24, 2000, after the return day in this case but before the defendant had appeared, the court, Sheedy, J.,
entered an order that the defendant pay the plaintiff $200 per week alimony pendente lite. Since the defendant was not in court that day, the court entered its order without prejudice. After the defendant later appeared, he then moved to reopen, set aside, and modify the prior order. CT Page 11020 In considering the issue of alimony pendente lite, the court must, under § 46b-83 of the General Statutes, consider all of the statutory factors for post-judgment alimony set forth in § 46b-82[1] except for the causes of the dissolution. For the reasons set forth, after considering all the statutory factors, the court grants the motion reopen, to set aside and modify the previous order as set forth below.
The parties have been married for 16 years, but have not lived together for eight years. The plaintiff is 71 years old. She testified that last December she had to discontinue her two occupations of working as a dog groomer and a nurse's aid because of medical problems and panic attacks. The defendant agreed that the plaintiff no longer worked as a dog groomer but maintains that she continued to work as a nurse's aid until the middle of this year. Although claiming in her financial affidavit and testimony that her only income now is social security in the amount of $80.23 per week, she also admitted that she receives an unspecified amount of cash from relatives to help her with her medical bills, which her financial affidavit lists as averaging $80 per week. Since she did not testify as to how much support she receives from her family, the court thus does not know precisely what her weekly income is.
The plaintiff testified that she had been totally financially self-sufficient during the entire course of the marriage. She testified that she has received no financial support or assistance from the defendant during the last eight years (other than, as part of a prior divorce action that she brought and then withdrew, a payment he made to her of $45,000 to purchase her half-interest in the Bantam home he lives in). Her assets include $90,000 equity in a Torrington home that she lives in and has no mortgage, slightly more than $15,000 remaining from the $45,000 the defendant paid her two years ago, and a mutual fund worth $5,161; her financial affidavit lists various debts totaling $2,152.03.
Although the defendant's age was not offered in testimony, the court determined from visual observation and the fact that he is receiving social security and a pension that he is probably over 65 years of age himself. He has his own medical problems, including a bad back and heart problems. His income consists of a pension and social security in the amount of $386 per week. His assets consist of $108,000 equity in the Bantam real property and $6,000 in certificates of deposit. His financial affidavit lists no debts.
The purpose of alimony pendente lite is to maintain the status quo between married persons while their dissolution is pending in the court.Rathblott v. Rathblott, Superior Court, judicial district of Stamford at Stamford/Norwalk, Docket No. FA97-0162348 S (August 11, 1998, Tierney,J.); Stone v. Stone, Superior Court, judicial district of Fairfield at CT Page 11021 Bridgeport, Docket No. FA98-0355240 S (October 29, 1998, Bassick,J.T.R.). "An award of alimony is based primarily on a spouse's continuing duty to support." Martone v. Martone, 28 Conn. App. 208, 216, 611 A.2d 896
(1992). The alimony statute, General Statutes § 46b-82, does not recognize an absolute right to alimony. Thomas v. Thomas, 159 Conn. 477,486, 271 A.2d 62 (1970). "This court has reiterated time and again that awards of financial settlements, ancillary to a marital dissolution, rest in the sound discretion of the trial court.' Posada v. Posada,179 Conn. 568, 572, 427 A.2d 406 (1980).
After reviewing the facts of this case, the court finds no evidence that the defendant has provided any support to the plaintiff for the last eight years. In terms of financial support, "maintaining the status quo" would warrant an award of no alimony pendente lite. Yet the court must also consider that the plaintiff, by the accounts of both parties, is not presently able to work because of her panic attacks (although there is dispute as whether the panic attacks forced her to stop working last December or this summer). In reviewing the needs of the two parties, the court notes that although the plaintiff has less income than the defendant (even assuming she receives some financial help from relatives to pay her medical bills) and more debts than he does, her liquid assets are worth considerably more than his.
Furthermore, although the plaintiff testified that she cannot currently work, she offered no testimony that she will be unable do so for the entire course of the dissolution proceeding. It is possible that her panic attacks may subside and she could again work in one or both of her previous jobs.
Thus, the court believes that the plaintiff's current inability to work and her medical bills warrant an award of temporary, short-term alimony to help the plaintiff meet the cost of her medical bills and other expenses until she can resume working. Such a temporary short-term award would provide a partial measure of interim support until the plaintiff's medical condition improves; see Henin v. Henin, 26 Conn. App. 386, 393,601 A.2d 550 (1992); and might also provide an incentive for her to become self-sufficient; see Louney v. Louney, 13 Conn. App. 270, 273,535 A.2d 1318 (1988).
Under § 25-26 (a) of the Practice Book, in considering a motion to modify an award of alimony pendente lite filed by a person who is then in arrears under the terms of such award, "the judicial authority shall, upon hearing, ascertain whether such arrearage has accrued without sufficient excuse so as to constitute a contempt of court, and, in its discretion, may determine whether any modification of current alimony and support shall be ordered prior t6 the payment, in whole or in part as the CT Page 11022 judicial authority may order, of any arrearage found to exist." At the hearing on this motion, the defendant acknowledged that he knew about but had not yet made any payments towards the prior order of $200 per week alimony pendente lite. He offered no excuse for his failure to comply with the court's prior order.
Under the factual circumstances of this case, the court therefore enters the following orders:
 1. The court grants the motion to reopen the previous order of alimony pendente lite
 2. The court finds that an order of temporary, time-limited award of alimony pendente lite in the amount of $60 per week to the plaintiff would be fair and equitable under all the circumstances presented to the court, and in consideration of all the statutory factors.
 3. Since the defendant was, at the time of hearing on this motion, in arrears in his obligation to make alimony pendente lite payments under the court's prior order, this order setting aside the prior order and reducing his weekly alimony pendente lite payments will not go into effect until the court finds that he is current on payments under the prior order. Until the court so finds, the prior order of $200 per week will remain in effect.
 4. After becoming effective, the reduced award of temporary, time-limited award of alimony pendente lite in the amount of $60 per week will remain in effect until (a) a court finds that the plaintiff's panic attacks have subsided and her medical conditions improved sufficiently that she can resume working, (b) a court finds that her financial situation has, for other reasons, improved, or (c) dissolution of the marriage, or cessation of this action
SO ORDERED.
BY THE COURT
STEPHANIE F. FRAZZINI CT Page 11023 JUDGE OF THE SUPERIOR COURT