[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION PLAINTIFF'S MOTIONS TO SET ASIDE VERDICT AND ORDER A NEW TRIAL
CT Page 1259
This personal injury action was tried to a jury, which rendered a verdict in favor of the defendant on October 24, 2001. The plaintiff filed a timely Motion to Set Aside the Verdict in conjunction with a Motion for a New Trial, to which the defendant filed a written objection. Arguments on these motions were heard by the court on January 11, 2002.
Background
The plaintiff alleged in this action that the defendant, Rebecca Green, a chiropractor, negligently manipulated her lower back on April 11, 1997. Mrs. Jenkins claimed that this resulted in an aggravation and permanent worsening of a preexisting low back injury. In addition to the worsenlng of her low back condition, Mrs. Jenkins claimed that the quality of her life was impaired through the negligence of Dr. Green. While the defendant could not specifically remember the session with the plaintiff, based on the treatment plan contained in the medical records, she testified that she would not have manipulated the plaintiff's low back.
Standard of Review
The trial court may set aside a jury verdict that the court finds to be against the law or the evidence. American National Fire Ins. Co. v.Schuss, 221 Conn. 768, 774, 607 A.2d 418 (1992). A verdict may also be set aside if its result justifies a suspicion that a juror or jurors were influenced by prejudice, corruption or partiality. Foley v. HuntingtonCo., 42 Conn. App. 712, 724-25, 682 A.2d 1026, cert. denied, 239 Conn. 931,683 A.2d 397 (1996). "A trial court should not set aside a verdict where it is apparent that there was some evidence upon which the jury might reasonably reach their conclusion, and should not refuse to set it aside where the manifest injustice of the verdict is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they or some of them were influenced by prejudice, corruption or partiality."Burr v. Harty, 75 Conn. 127, 129, 52 A. 724 (1902). The trial court, having viewed the witnesses and heard the evidence, has had the opportunity to detect those factors, if any, which could have improperly influenced the jury. Mather v. Griffin Hospital, 207 Conn. 125, 139,540 A.2d 666 (1988).
The evidence, including reasonable inferences which may be drawn therefrom, must be considered in the light most favorable to the parties CT Page 1260 who were successful at trial. Foley v. Huntington Co., 42 Conn. App. 712,724, 682 A.2d 1026 (1992). It is axiomatic that litigants have a constitutional right to have issues of fact decided by a jury. "`The right to a jury trial is fundamental in our judicial system, and . . . the right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of trial by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded men passed upon by the jury and not by the court.'" Palomba v. Gray, supra,23-25, 543 A.2d 1331 (1988), citing Camp v. Booth, 160 Conn. 10, 13,273 A.2d 714 (1970).
Discussion
The defendant articulates five bases for her Motion to Set Aside. The court will address each separately.
I. The plaintiff's case was unfairly prejudiced by the introduction of evidence concerning a prior. lawsuit that she filed for a 1989 motor vehicle accident.
Mrs. Jenkins was involved in a serious motor vehicle accident in 1989. Medical records pertaining to the injuries she suffered in this accident were introduced by her into evidence. Contained within those records was correspondence between her neurologist and her attorney. In one such correspondence, the neurologist opined that Mrs. Jenkins had suffered a 10% permanent partial disability to her lumbosacral spine. Attorney correspondence and disability ratings contained within a physician's records do not exist in a vacuum; the prior lawsuit was obvious. Moreover, the issue of a prior lawsuit was raised on cross examination when the plaintiff testified that she did not remember previously receiving a permanent partial disability rating by her treating neurologist. The court finds that such cross examination was proper and the issue of her disability rating and prior lawsuit certainly relevant. In the context raised, the probative value of this evidence far outweighed any prejudice to the plaintiff. Further, the court suggested to the plaintiff that a curative charge could be given to the jury on the issue of the prior lawsuit, however, none was submitted by the plaintiff.
II. The plaintiff's case was unfairly prejudiced by the introduction of evidence concerning her entire medical history.
The plaintiff claimed that between 1993 and her treatment by Dr. Green on April 11, 1997, her low back problem was quiescent. The defendant offered the medical records of the plaintiff during this period to show CT Page 1261 that she had other, pressing health problems during this time which deflected her attention from her low back. Also contained within these records were references to low back pain and stress, a factor one doctor associated with the exacerbation of her initial back injury. Such information would tend to disprove Mrs. Jenkins' claim that her low back injury was, symptom free during this time, as well her contention that Dr. Green's alleged negligence was the cause of her recurrent back pain. The plaintiff claims "surprise" that these records were introduced into evidence and states that she was unable to respond to these records as a result of this surprise." The plaintiff had filed a motion in limine pertaining to these records, which was discussed in chambers. The court deferred ruling on the motion when Mrs. Jenkins' counsel conceded that some records contained references to symptoms similar to those the plaintiff experienced as a result of her 1989 injury. It is puzzling, therefore, that the plaintiff would now claim surprise. The court finds that the probative value of the plaintiff's 1993-1997 medical records outweighs any prejudicial effect on the plaintiff's case.
III. The jury was not provided with the portions of the record that they requested, and instead, allowed to return a rushed verdict without the benefit of the portions of the record that they requested.
At approximately 3:35 p.m., after deliberating one and one half hours, the jury presented a note to the court which requested three items: 1) the deposition transcripts of the depositions of the defendant and plaintiff, which had not been introduced into evidence; 2) a rereading of the malpractice charge; and 3) a rereading of Dr. Green's testimony. After conferring with counsel, the court denied the jury's first request, reread the entire charge on malpractice and advised the jury that the court reporter would obtain the tape of Dr. Green's testimony, which would be played for them. The jury retired to the jury room, however, before the tape was obtained, the jury passed another note stating that only a portion of Dr. Green's testimony was requested. Shortly thereafter a third note from the jury stated that none of Dr. Green's testimony was required. The jury reported that a verdict had been reached. The verdict was read and accepted without objection by plaintiff's counsel. Moreover, the jury was polled and each juror assented to the verdict. The plaintiff's contention that the jury "rushed" to verdict and by so doing engaged in "misconduct" is mere speculation. The jury can change its mind concerning the need to rehear evidence. Statev. Rivera, 223 Conn. 41, 48, 612 A.2d 749 (1992). Further, the court is not required to replay testimony the jury does not believe it needs to render a verdict. Id.
IV. The jury's verdict was based on a compromise. CT Page 1262
This assertion by the plaintiff is, again, speculative and a matter of conjecture. This court will not invade the thought processes of the jury in this matter. "[I]t is clear that the rule that prohibits the examination of the jurors' mental process `excludes, as immaterial, evidence as to the expressions and arguments of the jurors in their deliberations and evidence as to their own motives, beliefs, mistakes and mental operations generally, in arriving at their verdict.'" Ginsberg v.Fusaro, 225 Conn. 420, 429, 623 A.2d 1014 (1993), citing Aillon v.State, 168 Conn. 541, 550, 363 A.2d 49 (1975).
V. One of the jurors, Theresa Nash, slept through a significant portion of the trial.
Plaintiff's counsel acknowledged during oral argument that he observed a juror apparently asleep during portions of the testimony. Counsel did not request the court to act contemporaneously in response to this observation; rather, chose to wait to a verdict was rendered against his client to raise the issue. Moreover, any deleterious effect of this alleged "sleeping" is pure speculation on the part of the plaintiff.
For the above reasons the plaintiff's Motion to Set Aside and Motion for a New Trial are denied.
CAROL A. WOLVEN JUDGE OF THE SUPERIOR COURT