### HOWARD R. ZERN *v.* ANNE M. ZERN
### (5959)

DUPONT, C. J., DALY and O'CONNELL, Js.

Argued April 13—decision released July 26, 1988

*David A. Golas,* for the appellant (defendant).

*Dennis G. Hersh,* for the appellee (plaintiff).

DUPONT, C. J. The defendant appeals from the judgment dissolving her marriage to the plaintiff, challenging the financial orders of the trial court. The defendant claims that the trial court erred (1) in failing to consider the relevant statutory criteria in fashioning its awards of alimony, child support, and the division of the parties' assets, and (2) in valuing the parties' assets as of the date of the parties' separation rather than as of the date of dissolution. We find error in part.

The plaintiff and the defendant were married on March 17, 1979, and one child was born of the marriage on January 12, 1981. Following difficulties in their relationship, the parties were separated in August of 1984 and remained so until the judgment of dissolution on March 9, 1987. The marital residence was sold in December of 1984 and the proceeds from the sale were placed in an escrow account pending the dissolution action, which was brought by the plaintiff in July of 1985. On December 5, 1985, pursuant to an agreement of the parties, pendente lite orders were entered providing for joint custody of the child and unallocated alimony and child support in the amount of $100 per week to be paid by the plaintiff to the defendant.

The record reveals that the plaintiff, age forty, is a college graduate with credit toward a masters degree. He is vice-president and director of sales for a bank, earning an annual salary of $60,000, as well as an annual bonus which in 1986 was $7000. The plaintiff also participated in a thrift plan with his employer which was valued at $4364 at the time of the parties' separation, and which was valued at $13,017 at the time of trial. The defendant, age thirty-seven, a high school graduate with one year of college credit, is employed by the same bank as a customer service officer earning $30,000 annually. The defendant has worked continuously for the bank for seventeen and one half years save for a period of approximately one year following

the birth of the parties' child and another brief period not here relevant. The parties also jointly own property in New Hampshire, purchased in 1982, which property was valued at $55,000 by the plaintiff and $67,000 by the defendant in their financial affidavits submitted to the court at the time of dissolution. The plaintiff also submitted to the court an appraisal made shortly after the parties' separation which valued the property at $34,500. The plaintiff testified that pursuant to settlement negotiations following the parties' separation, the defendant originally agreed that the plaintiff would keep the New Hampshire property. Such negotiations were unsuccessful, however, and a final agreement was never reached. It was undisputed that all expenses relating to the New Hampshire property following the separation of the parties were paid by the plaintiff.

On March 9, 1987, the trial court, ruling from the bench, granted the dissolution on the ground of irretrievable breakdown and awarded the parties joint custody of the child. The court ordered the plaintiff to pay the defendant $75 per week child support, to maintain medical insurance for the child and to pay one half of the child's private school expenses and unreimbursed medical expenses. The court further ordered the plaintiff to pay the defendant alimony of one dollar per year for five years. The purpose of the award of alimony was to provide for the contingency of the defendant being ill and unable to work during that time period. The court made the following orders regarding the division of the parties' assets: (1) the plaintiff was directed to pay the defendant one half of the value of his thrift plan as it was valued at the time of the parties' separation; (2) the plaintiff was directed to pay the defendant one half of the equity value of the New Hampshire property as of the time of the separation of the parties, namely, $7250; (3) the defendant was ordered to convey her interest in the New Hampshire property to the

plaintiff; (4) the proceeds held in escrow from the sale of the marital residence, $9000, along with accrued interest, was to be divided equally between the parties; and (5) each party was liable for his or her own debts and each would retain his or her own pension, free and clear of any claim of the other party. The court also awarded the defendant $2000 in attorney's fees.

The defendant moved for articulation of the basis for the trial court's financial orders and valuation of the parties' assets as of the date of the parties' separation. The trial court denied the motion, but did note in its denial that the date of the separation of the parties was the appropriate date for valuation of the marital assets since the parties had "nothing further to do with each other" following the separation.

We first address the defendant's claim that the trial court failed to consider the relevant statutory criteria when fashioning its awards of alimony, child support, and division of the parties' assets. See General Statutes §§ 46b-81, 46b-82, and 46b-84. "The amount of alimony and child support as well as the nature and amounts of other transfers ordered under a judgment of dissolution rest within the sound discretion of the trial court." *Vanderlip* v. *Vanderlip,* 1 Conn. App. 158, 159, 468 A.2d 1253 (1984). While a trial court must consider all the statutory criteria in determining the financial awards and division of property in a dissolution action, the court is not required to recite the statutory criteria which it considered in making its awards, nor is it required to make express findings as to each factor listed in the relevant statutes. *Leo* v. *Leo,* 197 Conn. 1, 5, 495 A.2d 704 (1985); *Louney* v. *Louney,* 13 Conn. App. 270, 273, 535 A.2d 1318 (1988). Our review of the trial court's awards for periodic alimony and child support demonstrates that the court considered the required statutory criteria in arriving at its decision

as to those awards. *Louney* v. *Louney,* supra; *Katreczko* v. *Katreczko,* 1 Conn. App. 686, 688–89, 475 A.2d 323 (1984).

The trial court did err, however, in its division of the parties' assets due to its valuation of those assets as of the date of the parties' separation. In a dissolution action, marital property is valued as of the date of dissolution, not the date of separation. *Tobey* v. *Tobey,* 165 Conn. 742, 748–49, 345 A.2d 21 (1974); *Cuneo* v. *Cuneo,* 12 Conn. App. 702, 533 A.2d 1226 (1987). "[This] requirement is simply part of the broader principle that the financial awards in a marital dissolution case should be based on the parties' current financial circumstances to the extent reasonably possible." *Cuneo* v. *Cuneo,* supra, 709; see Practice Book § 463.

The plaintiff argues that valuation of the parties' assets as of the date of separation was proper in this case because all expenses of the New Hampshire property, as well as all contributions to the plaintiff's thrift plan, were borne solely by the plaintiff following the parties' separation. The extent to which the efforts of one spouse may have led to an increase in value of property without any monetary or nonmonetary contribution by the other spouse after the parties' separation should be taken into account by the trial court in determining the division of property incident to a dissolution of marriage action. *Papageorge* v. *Papageorge,* 12 Conn. App. 596, 599–600, 533 A.2d 229 (1987); General Statutes § 46b-81 (c). The foregoing proposition, however, does not require deviation from the general rule that the parties' assets are to be valued as of the date of dissolution.

The error as to the date of valuation of the assets of the parties does not require a remand to the trial court with respect to the court's orders regarding alimony and child support. We recognize that financial

awards in a complicated dissolution case often are so interrelated that reversal of all of the awards of the judgment is required. See *Ehrenkranz* v. *Ehrenkranz*, 2 Conn. App. 416, 424, 479 A.2d 826 (1984). The trial court's awards of periodic alimony and child support in this case were based on the respective incomes of the parties, the relatively brief duration of the marriage, and the determination that there should be joint custody of the minor child. The court's division of the parties' assets was distinct and, on the facts of this case, separable from its determination of alimony and child support. We conclude that the error as to valuation extends only to the court's orders regarding the division of the parties' assets. *Cuneo* v. *Cuneo,* supra, 711.

There is error in part, the judgment as to the division of the marital assets is set aside and the case is remanded for a new hearing limited to the issue of the allocation of the assets of the parties.

In this opinion the other judges concurred.