[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court as a limited contested dissolution of marriage. The wife, whose maiden name was Darien K. Yonis, and the husband married in Redding, Connecticut, on May 30, 1983. At the time of the marriage, the wife was known as Darien Kerr Reece. It was a second marriage for both parties. Both parties have resided continuously in this State for at least the twelve months preceding the filing of the complaint in January of 1993. No children have been born to the wife since the date of this marriage. No public or state agency is contributing to the support of either party. The court finds that the marriage has broken down irretrievably and a decree shall enter on the grounds of irretrievable breakdown.
At the time of trial, the plaintiff was 48 and the defendant 44 years of age. Both parties are antique dealers. Based upon the evidence presented the court finds that the major assets of the parties consist of their antiques and the marital domicile in which the wife held a one-half interest at the time of the marriage pursuant to the terms of her previous dissolution of marriage. The court finds the value of the wife's interest to be $28,000.00. Although there is a dispute as to the source of the funds, in late 1993 the plaintiff's former husband's interest in this property, was purchased for the sum of $28,000.00. The court CT Page 9649 finds that the defendant contributed financially toward the acquisition of this interest. In 1986, the property was deeded into the joint names of the parties to this action.
The parties' business partnership was terminated in January of 1993. The antiques were located in two separate shops designated as Shops A and B, and in the marital home. Since the termination of the partnership and throughout this dissolution of marriage action, the plaintiff had primary possession and control of shop B and the marital home, and the defendant, shop A. The defendant also has an interest in an entity known as Sargeant II, with the primary investor being Doug Schwarzwelder. Mr. Schwarzwelder provides investment capitol and owns the inventory. The defendant purchases the antiques and shares in fifty percent of any profits. The court finds that Sargeant II provides the defendant with opportunities for somewhat greater income than that of the plaintiff and with greater opportunity for the acquisition of assets in the future.
In determining the proper orders in this case the court must consider the factors set forth in § 46b-81 and § 46b-82
of the General Statutes together with the provisions of §46b-62. With respect to alimony, support and a division of the property of the parties, the law to be considered has been stated as follows:
 To begin with, our alimony statute does not recognize an absolute right to alimony, General Statutes § 46b-82; Thomas v. Thomas, 159 Conn. 477, 487, 271 A.2d 42 (1970);' This court has reiterated time and again that awards of financial settlement ancillary to a marital dissolution rest in the sound discretion of the trial court.' [Citation omitted.] Although the court is required to consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station in life, occupation, amount and sources of income, assets and opportunity for future acquisitions of assets of each of the parties, [citation omitted], no single criterion is preferred over all the others. In weighing the factors in a given case, the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in making financial determinations, the financial circumstances, both actual and potential, are entitled to great weight. Valente v. Valente, 180 Conn. 528,530 (1980); Watson v. Watson, 221 Conn. 698, 710 (1992).
CT Page 9650
In dividing and or assigning martial property, the trial court must also consider the liabilities of the parties, the opportunity of each for future acquisition of capital assets and income and the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates. Dubicki v. Dubicki, 186 Conn. 709,714-15; McPhee v. McPhee, 186 Conn. 167, 171;Corbin v. Corbin, 179 Conn. 622, 623. This court is also mindful of the fact that in a dissolution action, marital property is valued as of the date of dissolution, not the date of separation. Tobey v. Tobey, 165 Conn. 742, 748-749. This requirement regarding valuation is part of the broader principle that the financial awards in marital dissolution cases should be based on the parties' current financial circumstances to the extent reasonably possible. Cuneo v. Cuneo,12 Conn. App. 702, 709; see Practice Book § 463. Although the trial court should take into account the extent to which the efforts of one spouse, may have led to an increase in value of property, without any monetary or nonmonetary contribution by the other spouse, after the parties' separation, this does not require deviation from the general rule that the parties' assets are to be valued as of the date of the dissolution.Papageorge v. Papageorge, 12 Conn. App. 596, 599-600;Zern v. Zern, 15 Conn. App. 292, 296.
The court has considered all of the criteria of § 46b-81
and 46b-82 of the General Statutes together with the provisions of § 46b-62 and all of the evidence and the case law. Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account." Scherr v. Scherr, 183 Conn. 366,368, this court will not recount those statutory criteria and the evidence, other than as has been previously stated. "The court is not obligated to make express findings on each of these statutory criteria." Weiman v. Weiman, 188 Conn. 232, 234. Suffice to say that the court must consider all the statutory criteria in determining how to divide the parties' property in a dissolution proceeding, Leo v. Leo, 197 Conn. 1, 5, and that the court need not give equal weight to each factor.Kane v. Parry, 24 Conn. App. 307, 313-14.
The court, in addition to the foregoing findings, finds as follows:
1. There is the requisite jurisdiction. CT Page 9651
 2. There has been an irretrievable breakdown and there is no prospect of reconciliation.
 3. The evidence leads to the conclusion that the husband may be somewhat more at fault for the breakdown of the marriage, but fault is no longer that significant, having become a mere element for consideration as opposed to a controlling determination. See Sands v. Sands, 188 Conn. 98, 104.
 4. The first mortgage payments made by the wife since the parties' separation have contributed to the pay down of the mortgage principal.
 5. Until the division of the jointly owned antiques has been accomplished, the wife's earning capacity will be more limited than that of the husband, who as noted earlier in this decision, has greater opportunities in this regard due to his share in the profits of Sargeant II.
Having considered all of the statutory criteria and the evidence presented at trial, the court makes the following orders:
The property located at 61 Hill Road, Redding Center is to be immediately listed for sale at a reasonable price established by agreement of the parties. The plaintiff shall have exclusive possession of the property until it is sold and at her option may select the listing broker. The defendant shall have the option of viewing the property at reasonable times, with advance written notice to the plaintiff, either in the company of the listing broker or a licensed real estate broker of his own selection.
If the parties cannot agree on a listing price within two weeks, the issue shall be submitted to the president of the Greater Danbury Board of Realtors who shall appoint a licensed residential appraiser who will appraise the property and the result of this appraisal shall be the listing price. The parties shall be bound to accept any bona fide offer within five percent (5%) of the listing price. Each party shall immediately notify the other party of any offer(s) received.
The plaintiff shall be responsible to maintain the property. Commencing December 1996, and continuing through the date of sale of the property, the parties are to be equally responsible for, CT Page 9652 and pay on a timely basis, the first and second mortgages and the real property taxes. The parties shall be equally responsible for any fix-up expenses or capital improvement, each exceeding $250.00, which are required to be made to sell the property, as determined by the listing broker or as agreed to by the parties. No such expense(s) shall be incurred, except in the event of an emergency, without ten days advance written notice to the other party. Unless the parties agree to the contrary, the listing price shall be reduced five percent (5%) every three months until the property is sold.
Upon the sale of the property the first and second mortgages, broker's commission, conveyance taxes, appraisal fee, if any, and attorney's fees related to the sale shall be deducted from the gross proceeds. The first $28,000 of the remaining net proceeds shall be paid to the plaintiff. The remaining net proceeds shall be divided equally between the parties.
From the defendant's share of the net proceeds, at the closing, he shall pay to the plaintiff the sum of $8,500.00, representing payment on the promissory note related to the Porsche automobile (Plaintiff's Exhibit 13) and one-half of the 1992 estimated tax paid. Further at the closing, the defendant shall, from his share of the net proceeds, pay to the wife a sum equal to one-half of the amount of mortgage principal paid by her on the first mortgage from the date of the parties' separation through November 1996. These payments by the defendant to the plaintiff shall be deemed to be lump sum alimony.
The painting referred to as "Portrait of a Gentleman" (shown on "Plaintiffs Exhibits 28 and 29") and the chest or cabinet on frame, which both parties testified were the most valuable pieces in their inventory, shall be sold by auction or in such other manner as the parties agree. The defendant shall be permitted full access to each of these items and he shall be consulted regarding all aspects of the marketing and sale of these pieces. The net proceeds from the sale of each of these items shall be divided equally between the parties. Net proceeds shall be defined as the gross proceeds of the sale, less all commissions paid and expenses and/or fees incurred in making either of the pieces marketable, from the date of this decision forward.
The balance of the inventory and all other items, including restoration supplies, projects, furniture parts and/or personal property of any nature, owned by the parties jointly, whether CT Page 9653 numbered or unnumbered, regardless of the current location of any such item(s), shall be divided between the parties by alternating selection, item by item, with the plaintiff proceeding first. This selection process shall occur no later than ninety days from the date of this decision.
The plaintiff shall transfer to the defendant all right, title and interest in the Porsche automobile, and the defendant shall be responsible for the payments of any taxes or expenses due regarding same. The defendant shall transfer to the plaintiff all right, title and interest in the Peugeot automobile, and the plaintiff shall be responsible for the payment of any taxes or expenses due regarding same.
The parties shall be equally responsible for and pay, the debt to Stanley Steckler.
The plaintiff shall assume and be responsible for all debt due her parents, A P. and M.D. Yonis, as reflected on the parties' financial affidavits. She shall indemnity and hold the defendant harmless from any claim thereon.
The defendant shall assume and be responsible for all debt due his parents, D. and R. Sargeant, as reflected on the parties' financial affidavits. He shall indemnity and hold the plaintiff harmless from any claim thereon.
The plaintiff shall, within thirty days of the date of this decision, return to the defendant all of his duck decoys and any of his books which are within her possession and/or control.
Commencing November 25, 1996, the defendant, during his lifetime, shall pay to the plaintiff, during her lifetime, the sum of $1,000.00 per month, as periodic alimony, for a period of three months, or until the completion of the division of the inventory, whichever later occurs.
The court reserves jurisdiction over any dispute which may arise regarding the real property and/or the division of the inventory and other property of the parties.
Except as set forth elsewhere in this decision, each party shall retain the assets and assume the debts on his or her respective financial affidavit. CT Page 9654
The plaintiff's former name, Darien Kerr Reece is restored.
No counsel fees are awarded to either party.
Hon. Maureen Dennis