TRACY CHESTER *v.* ZONING BOARD OF APPEALS
OF THE TOWN OF WESTPORT
(AC 16106)

Lavery, Schaller and Hennessy, Js.

Argued April 22—officially released August 5, 1997

*W. I. Haslun II*, with whom, on the brief, was *Cristin L. Rothfuss*, for the appellant (plaintiff).

*Andrew F. Fink*, town attorney, for the appellee (defendant).

*Opinion*

PER CURIAM. This appeal arises out of the denial of an application for a variance made to the zoning

authorities of the town of Westport (town). The plaintiff, Tracy Chester, appeals from the judgment of the trial court dismissing her appeal from the decision of the defendant, the Westport zoning board of appeals (board). The board denied the plaintiff's application for a variance from the town's setback and lot coverage regulations after the Westport planning and zoning commission ordered the plaintiff either to bring the deck on her property into compliance with the town's setback and lot coverage regulations or to remove the structure. On appeal, the plaintiff contends that the trial court improperly decided that General Statutes § 8-13a[1] does not exempt the plaintiff's property from enforcement of the town's lot coverage regulations.

At the hearing before the board concerning her application for a variance, the plaintiff asserted the alternative position that her property is exempt from the town's lot coverage regulations pursuant to § 8-13a. The plaintiff argued that because the town had not attempted to enforce the lot coverage regulation for more than three years while the deck was situated on her property, her property should be exempt, pursuant to § 8-13a, from the town's lot coverage regulations. In its memorandum of decision, the trial court dismissed the plaintiff's appeal from the board's denial of her application for a variance. The trial court, however, also stated that § 8-13a does not exempt the plaintiff's deck from compliance with the town's lot coverage regulations.

[1] General Statutes § 8-13a provides: "When a building is so situated on a lot that it violates a zoning regulation of a municipality which prescribes the location of such a building in relation to the boundaries of the lot or when a building is situated on a lot that violates a zoning regulation of a municipality which prescribes the minimum area of the lot, and when such building has been so situated for three years without the institution of an action to enforce such regulation, such building shall be deemed a nonconforming building in relation to such boundaries or to the area of such lot, as the case may be."

The issue presented in this appeal is whether the trial court improperly decided that § 8-13a does not exempt the plaintiff's property from enforcement of the town's lot coverage regulation. This issue was not properly before the trial court in this case. The only issue properly before the trial court in the plaintiff's zoning appeal was the board's denial of the plaintiff's application for a variance. That issue was correctly decided by the trial court on the basis of insufficient proof of hardship. The plaintiff did not contest that determination in this appeal. Therefore, the trial court's discussion and purported determination of § 8-13a is dicta and not binding on the parties, and we neither reject nor endorse the trial court's dicta. See *Hubbell Inc.* v. *Bridgeport*, 240 Conn. 475, 485, 692 A.2d 765 (1997).

The judgment is affirmed.