# ROBERT T. LOWE, JR. *v.* ALYCE S. LOWE
## (AC 15968)

Foti, Landau and Hennessy, Js.

Argued September 25—officially released December 30, 1997

*Diana L. Mercer,* with whom, on the brief, was *Douglas R. Daniels,* for the appellant (plaintiff).

*Todd R. Bainer,* for the appellee (defendant).

*Opinion*

LANDAU, J. In this appeal from the judgment dissolving his marriage, the plaintiff claims that the trial court improperly (1) held him responsible for the postmajority education of the children in the absence of a written agreement, (2) found that, when the parties' elder son graduates from high school, a substantial change of circumstances will occur, (3) relied on prior proceedings not a part of the trial record in its rulings, (4) included money paid as a bonus in determining child support and alimony, (5) found that there would be an increase in the plaintiff's future commission earnings, (6) calculated gross and net income, (7) found that the cause of the marital breakdown was the plaintiff's excessive drinking and involvement with another woman, (8) failed to appoint separate counsel for each child because of conflicts of interest, (9) failed to apply the guidelines for child support and failed to award child support for the child in the sole custody of the plaintiff, and (10) failed to designate the arrearage owed by the plaintiff as either alimony or support.

The following facts are pertinent to this appeal. On December 21, 1995, the trial court approved a written agreement entered into by the parties that resolved the issues of custody and visitation. On April 30, 1996, the

marriage was dissolved and the agreement, which gave sole custody of the minor, Robert T. Lowe III, to the plaintiff father and sole custody of the minors, Christopher Lowe and Lauren Lowe, to the defendant mother, was incorporated into the court's judgment. The court's judgment also resolved issues involving, inter alia, child support, alimony, medical insurance, postmajority education, and the division of marital property. The basis of the order requiring the plaintiff to pay for the postmajority education of the three children was the parties' oral stipulation during trial that the plaintiff would do so to the extent he is financially able.[1]

We reverse the judgment and remand the case to the trial court as to the first issue and affirm the judgment in all other aspects.

I

The most important claim before us is the plaintiff's assertion that the trial court improperly held him responsible for the postmajority education of the children in the absence of a written agreement.[2] The plaintiff argues that the trial court lacked jurisdiction to

---

[1] On direct examination of the plaintiff, counsel asked questions regarding the college education of the elder son. The plaintiff stated that he told his son to maintain high grades in order to qualify for scholarships. The following colloquy then took place:

"[The Plaintiff's Counsel]: Would you like to see your other children go on with their formal education?

"[The Plaintiff]: Yes, I would.

"[The Plaintiff's Counsel]: And, would you like to pay the tuition if any is necessary?

"[The Plaintiff]: To the extent that I'm able."

The plaintiff, the defendant and the children subsequently agreed to the plaintiff's offer. Counsel for the children agreed to reduce the parties' agreement to writing, but the trial court replied: "I'd just make it as part of my orders. Now, as I understand it, this agreement is simply that Mr. Lowe will pay for the college expenses of the children to the extent he is financially able, is that right?" The plaintiff and defendant responded affirmatively.

[2] The plaintiff has raised nine other issues concerning various procedural and evidentiary rulings of the trial court. Some claims also rest on factual findings of the trial court and factual assumptions that the court rejected.

enforce the parties' oral stipulation that the plaintiff would pay for the postmajority education of the children because General Statutes § 46b-66[3] requires that agreements for postmajority support be in writing. We agree.

"It is now axiomatic that support for a minor child extends to age eighteen years only . . . ." *Arseniadis* v. *Arseniadis*, 2 Conn. App. 239, 243, 477 A.2d 152 (1984). "The legislature amended General Statutes § 46b-66 (then § 46-49) in order to provide for the support of postmajority children only if there is an agreement to do so and if it is in writing." Id., 244. "The language of the statute is clear and unambiguous and we cannot by our construction substitute other words for the words 'in writing.' " Id., 246. "Absent . . . a written agreement by the parties, the court does not have jurisdiction to order payment of child support beyond the age of majority and may not enforce such an order." *Albrecht* v. *Albrecht*, 19 Conn. App. 146, 155, 562 A.2d 528, cert. denied, 212 Conn. 813, 565 A.2d 534 (1989); see *Arseniadis* v. *Arseniadis*, supra, 243. "A lack of subject matter jurisdiction can be raised at any

"All of them suffer from the difficulty that appellate pursuit of so large a number of issues forecloses the opportunity for fully reasoned discussion of pivotal substantive concerns. A shotgun approach does a disservice both to this court and to the party on whose behalf it is presented." *Latham & Associates, Inc.* v. *William Raveis Real Estate, Inc.*, 218 Conn. 297, 300, 589 A.2d 337 (1991).

[3] General Statutes § 46b-66 provides in relevant part: "If the agreement is in writing and provides for the care, education, maintenance or support of a child beyond the age of eighteen, it may also be incorporated or otherwise made a part of any such order and shall be enforceable to the same extent as any other provision of such order or decree, notwithstanding the provisions of section 1-1d."

General Statutes § 1-1d provides in relevant part: "Except as otherwise provided by statute . . . the terms 'minor', 'infant' and 'infancy' shall be deemed to refer to a person under the age of eighteen years and any person eighteen years of age or over shall be an adult for all purposes whatsoever . . . ."

time and cannot be waived by either party. . . . [Further], [t]he parties to an action cannot confer subject matter jurisdiction on the court by their consent, silence, waiver or private agreement." (Citation omitted.) Id., 242.

Although we recognize that often " '[t]he rendering of a judgment in a complicated dissolution case is a carefully crafted mosaic, each element of which may be dependent on the other' "; *Cuneo* v. *Cuneo*, 12 Conn. App. 702, 710, 533 A.2d 1226 (1987), quoting *Ehrenkranz* v. *Ehrenkranz*, 2 Conn. App. 416, 424, 479 A.2d 826 (1984); this is not such a case. The plaintiff offered to pay for the children's postmajority education, and the trial court simply incorporated that offer into its proper orders. Moreover, the trial court had no jurisdiction and, therefore, no discretion, to order postmajority support. As a result, the order of postmajority support is separate and distinct from the court's proper orders of alimony and premajority support. See *Zern* v. *Zern*, 15 Conn. App. 292, 296–97, 544 A.2d 244 (1988). Because the court had no discretion to award the postmajority support and because the other awards were appropriate, a remand to review all of the financial orders is unnecessary. See *Cuneo* v. *Cuneo*, supra, 710–11. A remand with direction to vacate the meaningless portion of the order would in no way affect the remaining appropriate judgment rendered; it had no impact and, therefore, severance is proper.

II

In his second claim, the plaintiff asserts that the trial court improperly found that a substantial change of circumstances will occur when the parties' elder son graduates from high school. The plaintiff argues that this finding involves impermissible speculation into the future.[4] We disagree.

---

[4] The trial court stated in its memorandum of decision that the parties' elder son "will graduate from high school in June of 1997. At that time, a

It is a general rule that "[i]n a dissolution action, marital property is valued as of the date of dissolution . . . . *Tobey* v. *Tobey*, 165 Conn. 742, 748-49, 345 A.2d 21 (1974); *Cuneo* v. *Cuneo* [supra, 12 Conn. App. 702]. '[This] requirement is simply part of the broader principle that the financial awards in a marital dissolution case should be based on the parties' current financial circumstances to the extent reasonably possible.' *Cuneo* v. *Cuneo*, supra, 709; see Practice Book § 463." *Zern* v. *Zern*, supra, 15 Conn. App. 296.

In the present case, the trial court's financial awards were based solely on the present financial circumstances of the parties. Even if we assume, arguendo, that the trial court made an impermissible finding by speculating as to the future financial circumstances of the parties, the trial court's purported finding with regard to the plaintiff's elder son was extraneous and is not binding on the parties because the issue of modification was not properly before the trial court. See *Chester* v. *Zoning Board of Appeals*, 46 Conn. App. 148, 150, 698 A.2d 370 (1997). If and when the elder son graduates from high school, or any other change of circumstances occurs, either party seeking a modification of alimony or support orders would have to prove to the trial court that a substantial change in circumstances occurred pursuant to General Statutes § 46b-86.[5] Therefore, we are unpersuaded by the plaintiff's argument.

### III

The plaintiff's third claim is that the trial court improperly relied on previous proceedings that were

substantial change of circumstances will occur that will warrant the defendant seeking a modification of the child support order."

[5] General Statutes § 46b-86 (a) provides in relevant part: "[A]ny final order for the periodic payment of permanent alimony or support . . . may at any time thereafter be . . . altered or modified by [the trial] court upon a showing of a substantial change in the circumstances of either party . . . ."

not made part of the trial record in making its orders.[6] The plaintiff argues that the trial court may take judicial notice only of pertinent facts disclosed by the record in the case before it. We disagree.

"The trial court has the power to take judicial notice of court files of other actions between the same parties. *Carpenter* v. *Planning & Zoning Commission,* 176 Conn. 581, 591, 409 A.2d 1029 (1979)." *In re Mark C.,* 28 Conn. App. 247, 253, 610 A.2d 181, cert. denied, 223 Conn. 922, 614 A.2d 823 (1992); see *McCarthy* v. *Warden,* 213 Conn. 289, 293, 567 A.2d 1187 (1989), cert. denied, 496 U.S. 939, 110 S. Ct. 3220, 110 L. Ed. 2d 667 (1990) (court took judicial notice of court files from prior proceeding between parties even though files not formally made part of record at trial); *Hall* v. *Hall,* 186 Conn. 118, 124, 439 A.2d 447 (1982) (court considered previous contempt orders when considering issue of custody).

In the present case, the trial court properly took judicial notice of prior proceedings pertaining to the dissolution of the parties' marriage. Therefore, the plaintiff's claim is unpersuasive.

IV

In the plaintiff's fifth and seventh claims, he challenges the trial court's factual findings that his commissions would increase in the future and that his excessive drinking and involvement with another woman had caused the marital breakdown.

---

[6] The plaintiff specifically argues that the trial court made improper reference, in its memorandum of decision, to the following: the plaintiff's previous acts in contempt of the court's orders to pay financial obligations; his manipulation of his income; and other actions during the course of the divorce proceedings that resulted in the dissipation of the family's assets. The trial court relied on court files, transcripts and previous orders of the trial court in making the aforementioned references. Counsel for the plaintiff acknowledged at trial that as long as prior proceedings are "relevant and otherwise admissible," then the trial court may take judicial notice of such proceedings.

"The scope of our review of a trial court's exercise of its broad discretion in domestic relations cases is limited to the questions of whether the [trial] court correctly applied the law and could reasonably have concluded as it did. . . . Moreover, we do not retry the facts. . . . In determining whether the trial court could reasonably conclude as it did on the evidence before it, every reasonable presumption should be given in favor of the correctness of its action. . . . The conclusions which we might reach, were we sitting as the trial court, are irrelevant." (Citations omitted; internal quotation marks omitted.) *Leo* v. *Leo*, 197 Conn. 1, 4–5, 495 A.2d 704 (1985).

After a full review of the record, transcript and briefs, we conclude that the trial court could reasonably have concluded as it did. We affirm the findings of the trial court.

V

The plaintiff's fourth, sixth and tenth claims are that the trial court improperly included "one-time bonus money" paid to the plaintiff and "bonus money" withheld by his employer and not yet paid as income in calculating alimony and child support,[7] improperly calculated his gross and net income,[8] and failed to designate which part of the arrearage owed by him was alimony and which part was support.[9]

---

[7] The plaintiff further argues that the trial court treated such money as a marital asset and conveyed it as part of the property division, thus improperly "double-counting" the money.

[8] The plaintiff states in his brief that "[b]ecause the court made no qualifying remarks as to how it came about the finding of the plaintiff's gross and net income, and did not indicate whether it felt that these numbers were actual, projected or based on earning capacity, the evidential underpinnings for the conclusion drawn by the court are inadequate . . . ."

[9] Although the plaintiff frames his argument by stating that the trial court improperly failed to designate which part of the arrearage was alimony and which part was support, the question presented by his argument is whether the trial court improperly calculated his true net income. This is evident in

"It is the appellant's burden to supply us with a record adequate to provide a proper review, and, [w]here the factual basis of the court's decision is unclear, proper utilization of the motion for articulation serves to dispel any such ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the issues on appeal." (Internal quotation marks omitted.) *Ashton* v. *Ashton*, 31 Conn. App. 736, 741, 627 A.2d 943, cert. denied, 228 Conn. 901, 634 A.2d 295 (1993). "Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court, either on its own or in response to a proper motion for articulation, any decision made by us respecting this claim would be entirely speculative." (Internal quotation marks omitted.) *Westfall* v. *Westfall*, 46 Conn. App. 182, 184, 698 A.2d 927 (1997).

It was the plaintiff's burden, as appellant, to file a motion for articulation that would clarify the trial court's basis for and reasoning behind its calculations. See Practice Book § 4051; *Gelormino* v. *Liberman*, 36 Conn. App. 153, 154, 649 A.2d 259, cert. denied, 231 Conn. 946, 653 A.2d 826 (1994). Without such an articulation, it is unclear how the trial court calculated net income, which part of the arrearage was alimony and which part was support, and whether the bonus money was included in the calculation of net income.[10] There

that the plaintiff cites no authority for his assertion that the trial court must designate the arrearage in terms of alimony and support, and argues in his brief that "[b]ecause the court did not designate which portion is alimony and which portion is child support, the court could not have taken into account the tax implications of the orders that it made, and therefore would have been unable to calculate the true net income of the plaintiff."

[10] The trial court states in its memorandum of decision that the net income was "based on the financial affidavits submitted by the plaintiff to the court and dated March 6, 1996, and March 12, 1996." The plaintiff submitted separate affidavits on both dates for weekly income including and excluding bonus money. Therefore, it is unclear whether the trial court included or

is no adequate record permitting review of those claims, and the plaintiff failed to file a motion for articulation. Therefore, we decline to review the plaintiff's claims.

## VI

In the plaintiff's eighth claim, he asserts that the trial court improperly failed to appoint separate counsel for the three children.[11] Although the plaintiff did not raise this issue at trial, he seeks review pursuant to the plain error doctrine.[12] He argues that, because his elder son, in his custody, was competing for child support money with the two younger children in the custody of the defendant, it was plain error and a violation of the elder son's due process rights to fail to appoint separate counsel for him. We conclude that the plaintiff lacks standing to assert the rights of his son on appeal and, therefore, we lack jurisdiction to review this claim.

Further facts are pertinent to the resolution of the threshold issue of standing. In the present case, the defendant filed a motion requesting that the trial court appoint counsel for the three minor children, and the court, in its discretion, granted the motion and appointed counsel.[13] Subsequent to the judgment and

excluded bonus money from its calculation of net income. Moreover, this ambiguity precludes this court from determining whether the bonus money was "double-counted," because it is unclear whether it was counted at all for purposes of net income.

[11] The plaintiff originally states in his brief that the trial court failed to appoint separate counsel for the three children. He clarifies his claim by stating that the elder son, who is in the plaintiff's custody, should have been appointed counsel separate from the younger son and daughter, who are in the defendant's custody.

[12] Practice Book § 4061 provides in relevant part: "The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court. . . ."

[13] General Statutes § 46b-54 (a) provides in relevant part: "The court may appoint counsel for any minor child or children of either or both parties . . . if the court deems it to be in the best interests of the child or children. The court may appoint counsel on its own motion, or at the request of either

the filing of this appeal, the trial court granted the children's counsel's motion to withdraw because the trial court found, on the basis of counsel's representations, that there would be a conflict of interest with regard to any postjudgment motions or appeal.

" 'The issue of standing implicates the court's subject matter jurisdiction. . . . Standing focuses on the party seeking to be heard and not on the issues that party wants to have heard. . . . The question of standing does not involve an inquiry into the merits of the case.' " (Citations omitted.) *Taff* v. *Bettcher*, 35 Conn. App. 421, 424–25, 646 A.2d 875 (1994). In addition, "[o]ur case law is . . . clear that a person cannot gain standing by asserting the due process rights possessed by another individual. It is axiomatic that due process rights are personal, and cannot be asserted vicariously. . . . Thus, once the court finds it appropriate to appoint counsel for the minor child, the representation is the child's entitlement, not the parent's." (Citations omitted; internal quotation marks omitted.) Id., 425–26.

The plaintiff did not claim, nor did he demonstrate to the trial court, that the trial court's failure to appoint separate counsel would in any way prejudice his own case. See *Lord* v. *Lord*, 44 Conn. App. 370, 375–76, 689 A.2d 509, cert. denied, 241 Conn. 913, 696 A.2d 985 (1997). It is clear that the plaintiff lacks standing to assert the rights of his elder son on appeal. Therefore, we lack jurisdiction to review the merits of this claim.

## VII

In the plaintiff's ninth claim, he asserts that the trial court improperly failed to award child support for the elder son, who lives with the plaintiff, and failed to apply

of the parties or of the legal guardian of any child or at the request of any child who is of sufficient age and capable of making an intelligent request."

the Connecticut guidelines for child support. After a full review of the record, we are unpersuaded.

The trial court specifically stated in its memorandum of decision that the child support guidelines were carefully considered.[14] In addition, the court reduced its order of child support for the two children in the custody of the defendant pursuant to the guidelines for child support because of the plaintiff's obligation to support his elder son.[15] Therefore, the reduction of support for the two children in the care of the defendant was, in effect, the award for the child in the care of the plaintiff. As a result, the plaintiff's claim lacks merit.

The judgment is reversed in part and the case is remanded with direction to render judgment as on file except as modified to eliminate the award of postmajority education expenses.

In this opinion the other judges concurred.

---

[14] The trial judge stated in his memorandum of decision that he had "carefully considered . . . the child support guidelines as they relate to the award of child support."

[15] The trial court entered the following order in its memorandum of decision: "The plaintiff shall pay the defendant $114 each week as child support for the minor children Christopher and Lauren. . . . This amount is in accordance with the child support guidelines. It is based on the shared custody arrangement under which the plaintiff shall have sole custody of Robert and the defendant shall have sole custody of Christopher and Lauren. The plaintiff's child support obligation to children in the custody of the defendant is reduced pursuant to the guidelines because of the plaintiff's obligation to support [the elder son] Robert."