[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DE THE PLAINTIFF'S POST-JUDGMENT MOTION FOR CONTEMPT (120)
The parties' marriage was dissolved on June 22, 1993 in this court at which time an oral settlement agreement was read into the record by the plaintiff's attorney. The defendant was pro se and in attendance.
Shortly before the day the judgment was entered, the plaintiff and the one minor child of the marriage moved to New York State where she and the child remained until July 14, 1998 when the plaintiff and the child returned to this state.
While a resident of New York the plaintiff filed the Connecticut judgment in the Family Court, Westchester County.[1] An order was entered on May 23, 1996 on the plaintiff's petition to amend the child support order to $5,306.00 annually due from the defendant to the plaintiff (Defendant's Exhibit A). An arrears of $10,802.50 was found consisting of $6160.00, legal fees of $2,280.00, and $2,362.50 retroactive child car and the defendant was ordered to pay $637.50 monthly thereon. The defendant was ordered to pay $500.00 monthly current support effective June 1, 1996 via an income execution issued by the Support Collection Unit (SCU).
The defendant made two payments of $250.00 each directly to the plaintiff on June 7, and June 14, 1996. Thereafter, the defendant's employer remitted weekly, commencing on June 21, 1996 through October 30, 1998, as itemized on defendant's Exhibit B, for a total paid of $35,108.04 by the employer.
The child support ordered on May 26, 1996 is:
 "ORDERED and ADJUDGED that on consent the above named respondent is chargeable with the support of the following person(s) and is possessed of sufficient means and able to earn such means to provide the sum of $500.00 monthly as follows: Payable to the Westchester County Support Collection Unit at Post Office Box 15355 Albany, New York 12212-5355 by INCOME EXECUTION effective June 1, 1996."
CT Page 2885
In addition, the defendant was ordered to pay $262.50 as his share of reasonable child care expenses to be paid monthly.
The arrears order was fixed at $237.50.
In summary the defendant was obliged to pay $500.00 monthly child support and $262.50 child care expense, a total monthly order of $762.50. From June 1, 1996 through October 31, 1998, the defendant's current obligation totaled $22,112.50 for the 29 months inclusive. Although he has paid $12,995.50 in addition to his current obligation during these 29 months, he introduced a statement issued by the Westchester County SCU stating "summary of support account as of 1/29/99" listing:
 "Previous Past Due Balance $10,265.75 Obligations Charged $ 762.50 Interest Charged $ 73.38 Payments Received $ 690.00 New Past Due Balance $10,411.63"
Even assuming that the defendant has been charged about $2,200.00 in interest, this court is unable to reconcile these charges and credits.
The plaintiff's motion seeks an order that the defendant repay the debts itemized in the judgment. The evidentiary record does not demonstrate that the defendant has the financial ability at this time to address the debts enumerated in paragraph 4 of the judgment. No contempt is found for this issue.
The plaintiff seeks reimbursement for $1,172.50 of unreimbursed medical bills representing half of the total pursuant to paragraph 10 of the judgment. The defendant acknowledges the obligation and the amount. The defendant is ordered to pay $25.00 weekly to the plaintiff, first payment due on March 26, 1999, such payments to be made directly to the plaintiff.
The plaintiff requests evidence of creation of a college education fund. There is no written agreement regarding this obligation. An oral stipulation regarding post majority education of the parties' child is not enforceable, § 46b-66 Conn. General Statutes; Lowe v. Lowe, 47 Conn. App. 354 at pp 356-7. CT Page 2886
The final item in the plaintiff's motion concerns the defendant's obligation to maintain life insurance for the benefit of the minor child. At the hearing, the parties acknowledged the problem had been resolved.
HARRIGAN, J.