## SHARON BENDER *v.* MARK BENDER
### (AC 18968)

Lavery, C. J., and Landau and Mihalakos, Js.

Argued June 8—officially released October 3, 2000

*Barry T. Pontolillo*, for the appellant (defendant).

*Joseph R. Galotti, Jr.*, for the appellee (plaintiff).

*Opinion*

LANDAU, J. This is an appeal from a judgment rendered in a dissolution proceeding involving property division, alimony and support and custody orders. The principal issue in this appeal is whether the trial court's award of a nonvested pension benefit held by the defendant, Mark Bender, was impermissibly speculative. The defendant claims, inter alia, that the court should have used the known present value of the nonvested pension benefit in determining its final orders rather than the

nonvested future benefit. We affirm the judgment of the trial court.

The relevant procedural and factual background is as follows. The parties were married in November, 1976. The defendant has been employed as a firefighter by the city of Meriden for approximately nineteen years and is entitled to a pension as a firefighter in the event that he reaches twenty-five years of service. Thus, his pension, at the time of trial, was nonvested except for purposes of disability.[1]

The principal cause for the breakdown of the marriage was that most of the defendant's free time was spent in pursuits that did not include the plaintiff, Susan Bender, or their children, such as his hobbies of motorcycling, boating and fishing. The court found that there had been some violence in the family.[2] The defendant also had been sexually intimate with at least one other woman during the marriage, a relationship that continued to the time of trial. Despite a fairly good income and extremely small housing expenses, the parties acquired few assets and little savings. Nearly all discretionary income during the marriage was expended on the defendant's personal pursuits. The sole substantial asset of the marriage is the defendant's nonvested pension right.

The court ordered, inter alia, that "[u]ntil such time, if any, as [the] defendant's right to receive retirement benefits from the city of Meriden vests, [the] plaintiff shall be the beneficiary of, and be entitled to receive, the refundable contributions, with accrued interest or

[1] If the defendant were to leave the fire department before twenty-five years, other than for disability, he would receive only his contributions. They are valued at approximately $27,741.

[2] The defendant admitted to hitting the plaintiff in self-defense and putting his son's head through a wall. He also admitted to hitting his daughter and placing his hands around her neck. He was arrested for an incident involving his daughter, at which time the court imposed a restraining order.

yield thereon, if any, made by or on behalf of [the] defendant if such contributions, etc. . . . shall ever become payable by the city of Meriden. And there is hereby entered a qualified domestic relations order assigning to [the] plaintiff one half of the disability and/ or retirement benefits earned by [the defendant] from his employment by the city of Meriden for his labors for said city through the date of this decree. (The court is aware that [the] defendant's right to receive retirement benefits has not yet vested.)"

The defendant claims first that the court "engaged in unbridled speculation" when it awarded the nonvested future benefit to the plaintiff instead of utilizing the known present value of the contributions into the pension in determining its financial orders. The defendant argues that the only evidence introduced at trial was the present value of his contributions into the pension fund, which the court found to be $27,741. Therefore, there was no factual basis contained within the record to support the actions of the court.

"There are three stages of analysis regarding the equitable distribution of each resource: first, whether the resource is property within [General Statutes] § 46b-81 to be equitably distributed (classification); second, what is the appropriate method for determining the value of the property (valuation); and third, what is the most equitable distribution of the property between the parties (distribution)." *Krafick* v. *Krafick*, 234 Conn. 783, 792–93, 663 A.2d 365 (1995). It is important to note what is not at issue here. Neither party challenges the authority of the court to award nonvested pension rights. See id., 794–95 n.20, 798–99 n.23. The present case, therefore, concerns the proper treatment of the defendant's nonvested pension under the last two stages of our equitable distribution scheme. Thus, we must determine how the nonvested pension benefit of the defendant should be valued and distributed.

The guidance of the *Krafick* court is extremely helpful. Although the facts in that case involved a vested and not, as we have here, a nonvested pension, for our purposes, it is a difference without a distinction. The same lessons that are applicable in that case are applicable here. "There are three widely approved methods of valuing and distributing pension benefits. The first, called the present value or offset method, requires the court to determine the present value of the pension benefits, decide the portion to which the nonemployee spouse is entitled, and award other property to the nonemployee spouse as an offset to the pension benefits to which he or she is otherwise entitled. 3 Family Law and Practice [A. Rutkin ed., 1995] § 36.13 [3], p. 36–72 . . . ." (Citations omitted.) *Krafick* v. *Krafick*, supra, 234 Conn. 800. This "method has the advantage of effecting a clean break between the parties. . . . [It] . . . is not feasible, [however,] when there are insufficient other assets by which to offset the value of the pension . . . ." (Citations omitted; internal quotation marks omitted.) Id., 802.

"The second and third recognized methods for valuing and distributing pensions involve delaying distribution until the pension matures. . . . Under the 'present division' method, the trial court determines at the time of trial the percentage share of the pension benefits to which the nonemployee spouse is entitled. The court may then, through a [qualified domestic relations order] for pensions covered by [the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.] ERISA or some equivalent if the nonERISA plan permits, presently divide or assign the pension benefits between the spouses. . . . In other words, the court will declare that, upon maturity, a fixed percentage of the pension be distributed to each spouse. . . .

"Alternatively, under the 'reserved jurisdiction' method, the trial court reserves jurisdiction to distrib-

ute the pension until benefits have matured. Once matured, the trial court will determine the proper share to which each party is entitled and divide the benefits accordingly." (Citations omitted.) Id., 803.

"These methods are favored when there are insufficient assets to offset the award of the pension to the employee spouse alone or when the evidence is inadequate to establish present value. . . . These methods are not exclusive. A trial court retains discretion to select any other method to take account of the value of a pension asset that might better address the needs and interests of the parties. . . . The touchstone of valuation, as well as the ultimate distribution of pension benefits, is the court's power to act equitably. . . . We note that, although not expressly required by statute, a trial court, when utilizing a method to ascertain the value of a pension, should reach that value on the record. Casting the judgment in specific amounts will make the result more comprehensible for the litigants and will facilitate appellate review as often as such review may become necessary." (Citations omitted; internal quotation marks omitted.) Id., 804.

"The scope of our review of a trial court's exercise of its broad discretion in domestic relations cases is limited to the questions of whether the [trial] court correctly applied the law and could reasonably have concluded as it did. . . . Moreover, we do not retry the facts. . . . In determining whether the trial court could reasonably conclude as it did on the evidence before it, every reasonable presumption should be given in favor of the correctness of its action. . . . The conclusions which we might reach, were we sitting as the trial court, are irrelevant." (Internal quotation marks omitted.) *Lowe* v. *Lowe*, 47 Conn. App. 354, 361, 704 A.2d 236 (1997).

Upon a careful reading of the record, it is clear that the trial court adopted the present division method as

outlined in *Krafick*. It determined the percentage share of the pension benefit to which the nonemployed spouse would be entitled when the pension vests. Here, upon hearing testimony regarding what portion of the defendant's ultimate monthly pension benefit he had earned during the course of the marriage, the court employed the present division method, awarding the plaintiff one half of the only substantial asset of the marriage.[3] Thereafter, in a well-reasoned effort to address the needs of the plaintiff in the event that, for whatever reason, the defendant's pension did not vest, the court exercised its authority to act equitably by ordering that term life insurance, listing the plaintiff as the beneficiary, be purchased until such time as the pension does vest.

We conclude that the court appropriately exercised its wide discretionary authority in its financial award and therefore affirm its decision.[4]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] A pension specialist for the city of Meriden testified that if the defendant were permitted to retire at the time of trial, he would be entitled to receive monthly distributions in the amount of $2270.

[4] To the extent that the defendant raises on appeal the court's not taking into account the plaintiff's ability to receive a nonvested future pension from the city of Meriden, we decline to review that claim. The record indicates that contrary to the defendant's claim, the plaintiff is not employed by the same employer as the defendant, the city of Meriden, but is employed by the Meriden board of education. No testimony was elicited before the trial court as to her entitlement to any pension benefits. Equally as important is the fact that no claim was made to the trial court as to this issue. See Practice Book §§ 5-2, 60-5.