[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This dissolution action came to this court on February 23, 1999 and was tried to the court on diverse days when the parties appeared with counsel. The defendant filed a cross-complaint alleging adultery.
The plaintiff, whose maiden name was Victorine Fallon, married the defendant on December 26, 1975 in Massachusetts. The parties have resided in Connecticut for several years prior to the filing of this action. They have two children of the marriage who are now emancipated. The parties have no other minor children. Neither the parties nor the children have received any financial assistance from the state of Connecticut or any municipality. The court has jurisdiction to hear this matter.
The court has listened to and observed the witnesses and reviewed all the exhibits in the case. In addition, the court has carefully considered the criteria set forth in Connecticut General Statutes Sections 46b-62,46b-81, and 46b-82, and in reaching the decisions reflected in the orders that follow.
The court has also weighed the holding of the appellate court inO'Neill v. O'Neill, 13 Conn. App. 300, 311, cert. denied, 207 Conn. 806, (1988) wherein the court said as follows:
 A property division ought to accord value to those non-monetary contributions of one spouse which enable the other spouse to devote substantial effort to paid employment which, in turn, enables the family to acquire tangible marital assets. The investment of human capital in homemaking has worth and should be evaluated in a property division incident to a dissolution of marriage. We hold, accordingly, that an equitable distribution of property should take into consideration the plaintiff's contribution to the marriage, including homemaking activities and primary care taking responsibilities. See also Blake v.
CT Page 13119 Blake, 207 Conn. 217, 230-31 (1988)
From the credible evidence the court finds the following facts. At the time of trial the plaintiff wife was 44 years old and the defendant husband 52. She is in good health but has dental problems. The defendant is in good health. The plaintiff wife was employed part-time as a waitress and bartender at the Oakville establishment of the Veterans of Foreign Wars. She worked 15 to 18 hours per week and earned $150 per week which sum included tips. At the time of her marriage she had training as a hairdresser in Massachusetts but did not seek further training or licensing in Connecticut. She did not work for 9 years when her children were young and she was assisting her son who was entered in special education programs. When he was 11 years of age she began working part-time holding various positions as a clerk in retail businesses. She expected to start employment in a hairdressing salon after the trial. Today she has no medical insurance, pension or retirement plan related to her own employment.
The defendant is employed as a senior manufacturing engineer at Sikorsky where he earns $65,335 per year. He participates in the Sikorsky pension plan for which he ascribes no value on his financial affidavit and the UTC Employee 401K plan which he lists as having a value of $225,000. He had netted $15,000 after withdrawing from the 401K plan in violation of the automatic orders during the pendency of the action. He retained $12,000 at home in the form of cash and neglected to list that amount on his financial affidavit. In addition to the defendant's pension and 401K plans, the parties own the marital home at 845 Watertown Avenue, Waterbury. The court finds the fair market value to be approximately $73,500 of which the equity is $45,500.
The parties separated on January 5, 1999, when the plaintiff left the marital home. Dissatisfied with the marriage, she soon moved into the residence of a friend with whom she had a romantic involvement. They share living expenses. The defendant became aware in late 1998 of his wife's relationship but did not perceive the depth of her dissatisfaction. The court finds that the marriage has broken down irretrievably and that there is no hope for reconciliation.
On April 19, 1999, the court, Pellegrino, J., ordered the defendant to pay $75 per week as pendente lite alimony. He failed to make some payments and the court finds that he is $707 in arrears.
The parties agreed to take Parent Plus loans to provide a college education for each of their children. The plaintiff's income was earned to assist in providing those funds. The loans are repaid through Sikorsky Federal Credit Union. The parties' older child has graduated from CT Page 13120 college; their son is in his final year. The debt through the first semester of 2000-2001 is $69,000. The defendant seeks to impose a portion of this obligation on the plaintiff. Absent a written agreement, the court does not have the jurisdiction to order the plaintiff to pay any portion of the student loan debt. Lowe v. Lowe, 47 Conn. App. 354, 358
(1997)
Accordingly, the court enters the following orders:
1. The marriage of the parties is dissolved on the grounds of irretrievable breakdown.
2. The defendant shall pay to the plaintiff the sum of $175 per week as periodic alimony for 5 years or until the plaintiff's death or remarriage. It shall not be modifiable due to cohabitation.
3. The plaintiff shall be responsible for the liabilities listed on her financial affidavit and shall hold the defendant harmless and indemnified thereon. The defendant shall be responsible for those liabilities listed on his financial affidavit and shall hold the plaintiff harmless and indemnified thereon.
4. The plaintiff shall quitclaim her interest in the marital property to the defendant. He shall execute a mortgage in the amount of $22,750 to the plaintiff. Said amount shall be paid upon the sale of the home but no later than five years from the date of this judgment. The defendant shall have exclusive use of the marital home. He shall pay the mortgage, taxes and insurance on the marital property and hold the plaintiff harmless and indemnified thereon.
5. The plaintiff is to receive 50% of the defendant's pension benefit as of the date of the dissolution by way of a Qualified Domestic Relations Order. The defendant is to transfer one-half of the Savings Plan to the plaintiff as valued through the date of the dissolution. ". . . [U]nder 46b-81 the date of dissolution is the appropriate date on which to value the parties assets. . . ." Bornemann v. Bornemann,245 Conn. 508, 521 (1998).
6. The parties shall retain the personal property listed on their financial affidavits dated as of the date of trial. The plaintiff shall have 30 days to remove those items of personal property from the marital domicile.
7. The defendant shall pay the plaintiff the sum of $707 within two weeks of the date of this decision. He shall pay to the plaintiff within 30 days the sum of $10,000 as a distribution of marital assets.
8. The defendant shall provide medical insurance for the plaintiff for the maximum period allowed by law. The court finds the cost to the defendant will be $227.46 per month. This payment shall be in the nature of alimony, non-modifiable and not dischargeable in bankruptcy.
9. The defendant shall maintain life insurance to secure his obligation to pay the plaintiff the sums provided for in this memorandum of decision.
 All claims for relief not addressed herein are rejected. Judgment shall enter accordingly.
Sandra Vilardi Leheny, Judge
CT Page 13121